Hillsborough,
Dec. 2, 1952. } No. 4139.

STATE *v.* JAMES A. HARKEEM & *a.*

*Gordon M. Tiffany,* Attorney General and *Conrad Danais,* County Solicitor (*Mr. Tiffany* orally), for the State.

*Robert J. Doyle* (by brief and orally), for the respondents.

BLANDIN, J. It is contended that there must be a new trial because the Court charged the jury that if they were "satisfied beyond a reasonable doubt that there was gambling going on as I have defined it on the night in question in the Blue Jay Social Club . . .," then it "was a place resorted to for such a purpose within the meaning of section 6, chapter 447. That is the only question for you to decide." Revised Laws, chapter 447, section 6 provides that "No person shall keep any house, shop, or place resorted to for the purpose of gambling . . . ." The basis of the exception here seems to be that the Trial Court took from the jury the question of fact whether the respondents did keep a place resorted to for the purpose of gambling. This, we believe, was the effect of the charge and, therefore, the exception is well-founded. The word "keep" implies a series of acts. *State* v. *Prescott,* 33 N. H. 212, 214; 51 C. J. S. 425, 426. So too, the words "resorted to" taken in their usual sense (R. L., *c.* 7, *s.* 2) mean that the place was habitually or frequently used. *The Leme,* 77 F. Supp. 773, 777; 77 C. J. S., Resort, 315, 316. When these words are used together as here, we believe the intent of the Legislature is unmistakable. *State* v. *Cieri,* 128 Conn. 149. While there was sufficient evidence to warrant a finding that the respondents kept a place resorted to for gambling, the jury should have been allowed to pass on this question of fact.

The respondents also excepted to the testimony of a police officer

510

that they and eleven other persons who were present at their place, the Blue Jay Social Club, to which they allegedly resorted for gambling, were arrested. The record shows that the officer was merely testifying as to what happened in the course of a raid in which he participated, and as such the evidence was proper. *Cf. State* v. *Peters*, 90 N. H. 438, 440, 441. This testimony was relevant as corroborative of the respondents' presence at the club at the time of their arrest. The State is proceeding under R. L., c. 447, s. 6, which makes it an offense to keep a place resorted to for gambling. Section 9 of the same chapter requires that all persons found present at such a place "shall be taken before a magistrate and there dealt with according to law." It was proper for the State to show that the persons present were taken into custody, pursuant to section 9, as bearing on the integrity of its case. Whether this competent evidence should have been excluded as tending to excite undue prejudice was a question of fact for the Trial Court and the exception must be overruled. *State* v. *Iacavone*, 85 N. H. 207, 210. This appears to dispose of all exceptions of merit and the order is

*New trial.*

All concurred.