Hillsborough,
No. 5000.

DORIS DUGUAY *v.* ANDREW E. GELINAS & a.

Argued April 3, 1962.

Decided June 29, 1962.

*Broderick, Manning & Sullivan (Mr. James A. Manning* orally), for the plaintiff.

*Booth, Wadleigh, Langdell, Starr & Peters* and *Richard C. Kohls (Mr. Robert P. Booth* and *Mr. Kohls* orally), for the defendant Andrew E. Gelinas.

*Devine, Millimet & McDonough (Mr. J. Murray Devine* orally), for the defendant Kenneth Duguay.

KENISON, C. J. The principal issue in this case is whether counsel in argument to the jury may use a mathematical formula by stating that specific sums per day, hour or minute may be allowed as damages for pain and suffering, or that definite amounts should be allowed for component parts of the total injuries. This issue has not been decided in this state although it has received extensive consideration in other jurisdictions. Annot. 60 A.L.R. 2d 1347. The advantages and disadvantages of such arguments, the necessity for and the dangers flowing from such arguments and their general propriety or impropriety have not been neglected in modern legal commentary. Keeton, Creative Continuity in the Law of Torts, 75 Harv. L. Rev. 463, 466-467 (1962); Lambert, Comments on Recent Important Personal Injury (Tort) Cases, 25 NACCA L. J. 47, 68

(1960) and 28 NACCA L. J. 63, 280-284 (1962); 19 Ohio L. J. 780 (1958); 43 Minn. L. Rev. 832 (1959); 41 B. U. L. Rev. 432 (1961); 45 Marq. L. Rev. 289 (1961); 33 So. Cal. L. Rev. 214 (1960); 15 U. of Miami L. Rev. 85 (1960); 22 La. L. Rev. 461 (1962).

Plaintiff's counsel attempted to separate the component parts of the damages and place a definite value on each one. The Court permitted the separation but ruled that a value estimate by counsel on the component parts was improper. Plaintiff's counsel argued that for the accident itself, "it was worth two thousand dollars . . . . " Upon objection, the figure was excluded and erased from the blackboard. For the operation itself the argument was put in the form of a question: "Ask yourselves, is five hundred dollars inadequate or unfair . . . ?" The Court sustained objection to this argument, commenting that it made no difference whether it was a statement or in the form of a question, and ruled that "It is not founded upon any evidence and does not belong in an argument." At this juncture defendants' motion for a mistrial was made but denied, and counsel for the plaintiff was advised not to continue to discuss figures which were not based on evidence.

Plaintiff's counsel detailed on the blackboard the time of the operation (1 hour and 6 minutes); time of the general anesthesia (2 hours) and the number of hours in the hospital (53 hours). The plaintiff's counsel was also permitted by the Court to break down the plaintiff's life expectancy into 233,600 hours, and place this on the blackboard for consideration by the jury. It is apparent from the record that plaintiff's counsel was prohibited by the Court from placing a specific value for either component parts of the injury or for pain and suffering subdivided into hours and minutes. The plaintiff claims that this was an improper limitation on the right of her counsel to argue to the jury and warrants a new trial.

The leading case prohibiting a mathematical formula for assessing damages for pain and suffering is *Botta* v. *Brunner,* 26 N. J. 82 (1958). Although this case has been described by a knowledgeable and articulate commentator as a restrictive and dubious decision which leaves " . . . the unassisted jury wrapped in a Grand Banks fog" (28 NACCA L. J. 281 (1962)), and represents a minority view, it continues to gain adherents. *Affett* v. *Milwaukee & Suburban Transport Corp.,* 11 Wis. 2d 604 (1960); *Faught* v. *Washam,* (Mo.) 329 S. W. 2d 588 (1959); *Certified T. V. & Appliances Co.* v. *Harrington,* 201 Va. 109 (1959); *Crum* v. *Ward,* (W. Va.) 122 S. E. 2d 18 (1961); *Caley* v. *Manicke,* (Ill. 2d) 182 N. E. 2d 206 (1962);

*Jensen* v. *Elgin, Joliet &c. Railway Co.,* (Ill. 2d) 182 N. E. 2d 211 (1962); *Harper* v. *Bolton,* (S.C.) 124 S. E. 2d 54 (1962); *Henne* v. *Balick,* 51 Del. 369 (1958); *King* v. *Railway Express Agency,* (N. D.) 107 N. W. 2d 509 (1961).

We start with the basic assumption that pain and suffering is a very material element of damages in tort cases and this is so despite theoretical and logical objections that may be advanced against awarding such damages. Morris, Liability for Pain and Suffering, 59 Colum. L. Rev. 476. It is still true today as it has been in the past that there is no exact or mathematical rule by which such damages can be determined. *Doody* v. *Railroad,* 77 N. H. 161. "Translating pain and anguish into dollars can, at best, be only an arbitrary allowance, and not a process of measurement, and consequently the judge can, in his instructions, give the jury no standard to go by; he can only tell them to allow such amount as in their discretion they may consider reasonable. Rules devised for measuring pecuniary losses do not fit here." McCormick, Damages, *s.* 88, *p.* 318. See also, 2 Harper & James, The Law of Torts, 1322.

Those jurisdictions which permit counsel to use a mathematical formula or to state specific amounts for periods of pain and suffering claim that this type of argument is an aid to the jury, will not mislead them and is a logical method to clarify the difficult problem of granting a total verdict. *Yates* v. *Wenk,* 363 Mich. 311 (1961); *Ratner* v. *Arrington,* (Fla. App. 1959) 111 So. 2d 82. If these conclusions were thought to be sound we would adopt them. However, candor compels us to express a contrary view. The chief vice of the formula is that it is an attempt by counsel to distort and exaggerate the measurement of what is immeasurable by such a mathematical method. The second vice of this type of argument in our opinion is that it will more often mislead a jury than aid them, since the jury are given an illusion of certainty by the use of figures which are not and cannot be substantiated by evidence. "The absurdity of a mathematical formula is demonstrated by applying it to its logical conclusion. If a day may be used as a unit of time in measuring pain and suffering, there is no logical reason why an hour or a minute or a second could not be used, or perhaps even a heart beat, since we live from heart beat to heart beat. If one cent were used for each second of pain, this would amount to $3.60 [$36] per hour, to $86.40 [$864] per twenty-four-hour day, and to $31,536 [$315,360] per year. The absurdity of such a result may be apparent, yet a penny a second for pain and

suffering might not sound unreasonable." *Affett* v. *Milwaukee & Suburban Transport Corp.*, 11 Wis. 2d 604, 613, 614 (1960).

It is frequently stated that since the jury must make an arbitrary determination, it is logical to allow counsel to aid them in this difficult task. One possible answer to this contention is found in *Faught* v. *Washam*, (Mo. 1959) 329 S. W. 2d 588, 603: "Whatever may be the cold logic or academic theory of the matter, the ungilded reality is that such argument is calculated and designed to implant in the jurors' minds definite figures and amounts not theretofore in the record (and which otherwise could not get into the record) and to influence the jurors to adopt those figures and amounts in evaluating pain and suffering and in admeasuring therefor."

We recognize that able judges and respected courts are sharply divided on the propriety of permitting a mathematical formula in arguing pain and suffering damages. The following quotation from 1 Trial Judges Journal, *p.* 3 (No. 2, May 1962) of the National Conference of State Trial Judges illustrates the point: "The elusiveness of unanimity on this subject is demonstrated by *Seffert* v. *Los Angeles Transit Lines,* 15 Cal. Rptr. 161, 364 P. 2d 337 (1961). The California Supreme Court by 4 to 3 affirmed a judgment of $187,903.75, the exact amount charted by plaintiff's counsel in his argument. An included item was $134,000 for plaintiff's pain and suffering reached by a mathematical formula based on a per diem allowance. The majority ruled 'even if such argument were error (a point we do not pass upon) the point must be deemed to have been waived.' The minority, adopting the reasoning of *Botta* v. *Brunner,* [26 N. J. 82], *supra,* and other cases, concluded that the mathematical formula argument on pain and suffering damages required reversal."

The mathematical formula applied to the plaintiff's pain and suffering, or to her anguish and embarrassment resulting from facial defects due to the accident for her life expectancy of 233,600 hours can result in any amount that the imagination of counsel deems advantageous. It is only necessary to change either the period of time involved or the specific amount of money selected for the hourly rate. A small sum multiplied by the number of hours in plaintiff's life expectancy introduces an element of apparent precision that is illusory and compounds the dangers of conjecture. In the present case counsel deducted eight hours a day for sleep but this deduction could be increased or decreased as well as the hourly

rate. The chance that the jury will accept the end result of a mathematical formula as gospel in arriving at its total verdict is not fanciful as *Seffert* v. *Los Angeles Transit Lines, supra,* and other cases have demonstrated. The tendency of the mathematical formula to mislead a jury is a strong factor in persuading us that it should be rejected in this state.

We leave undisturbed *Sanders* v. *Railroad,* 77 N. H. 381 and *Williams* v. *Williams,* 87 N. H. 430 which allow counsel to argue to the jury the lump sum he seeks to recover or the ad damnum of the writ. To this limited extent we do not follow *Botta* v. *Brunner,* 26 N. J. 82. The refusal of the Presiding Justice in this case to allow the use of a mathematical formula and the refusal to allow counsel to place a value on component parts of the total injuries was proper. The plaintiff's exceptions thereto are overruled.

The plaintiff assigned as error the exclusion of two colored photographs of her taken twelve to fourteen years before the trial and their subsequent admission for the limited purpose only of showing the manner in which she wore her hair. The Presiding Judge had discretion to exclude them as evidence that was cumulative or remote in time and to admit them for a limited purpose even if they were not fair representations as claimed by the defendants. *Nickerson* v. *Bentley,* 89 N. H. 533, 534; *Hackett* v. *Railroad,* 89 N. H. 514, 519. We find no other errors in the trial and the order is

*Judgment on the verdict.*

LAMPRON, J., was absent; the others concurred.