Hillsborough
No. 85-137

## THE STATE OF NEW HAMPSHIRE

v.

## RICHARD LURVEY .

April 11, 1986

*Stephen E. Merrill*, attorney general (*William H. Lyons*, attorney, on the brief), by brief for the State.

*Joanne S. Green*, assistant appellate defender, of Concord, by brief for the defendant.

BATCHELDER, J.  The defendant appeals his conviction on two counts of aggravated felonious sexual assault. RSA 632-A:2 (Supp. 1983). The issue on appeal is whether the Trial Court (*Pappagianis,* J.) improperly admitted evidence of a scientific test that analyzed a stain found on the victim's clothing and identified it as semen. We affirm.

The victim in this case was sexually assaulted at the Manchester YMCA in May 1984; at the time she was thirteen years old. On appeal, the defendant does not dispute the victim's or the prosecutor's allegation that a sexual assault occurred. Rather, he challenges the allegation that he was the assailant, and asserts that the trial court abused its discretion in admitting evidence of the serological test performed on the victim's underpants. The defendant argues that since the test could not link the semen to the defendant, the evidence had limited probative value and was unduly prejudicial. The State contends that although the test was not meant to identify the assailant, the results of the test did corroborate the victim's account of the assault. The State also contends that by his failure to ask for limiting instructions when the evidence was admitted, the defendant waived his right to argue undue prejudice on appeal.

This court has long held that a trial judge has broad discretion to admit or exclude evidence. *See State v. Hamel,* 123 N.H. 670, 677, 466 A.2d 555, 559 (1983). The determination of whether competent corroborative evidence should be excluded as tending to excite undue prejudice is a question of fact for the trial court. *State v. Harkeem,* 97 N.H. 508, 510, 92 A.2d 906, 908 (1952). "In determining whether evidence should be admitted, the trial [judge] must balance the potential prejudicial effect of the evidence against its probative value." *Hamel, supra* at 677, 466 A.2d at 559. The decision to admit evidence will be upheld unless the trial court has abused its discretion. *Id.*

The disputed evidence in this case established the presence of semen on the victim's clothing, but had no value in connecting the defendant to the crime. The expert who conducted the serological test testified that it "is not a method for personal identification." Thus, the evidence was not offered to identify the defendant as the source of the semen, but merely to corroborate the prosecutrix's testimony that a sexual assault occurred.

To support his assertion that evidence pertaining to the test lacked probative value, the defendant cites several cases involving

the introduction of blood tests in which the courts held that the evidence was not probative. *See, e.g., People v. Robinson,* 27 N.Y.2d 864, 265 N.E.2d 543 (1970); *People v. Sturdivant,* 91 Mich. App. 128, 283 N.W.2d 669 (1979). These cases are inapposite, however, because the purpose of introducing the blood tests was to identify the assailants, rather than to corroborate the victims' testimony.

■ The defendant's argument that the evidence lacked probative value and was unduly prejudicial fails to recognize the valid purpose for which it was offered. We hold that the evidence was probative and was properly admitted to corroborate the victim's rendition of the facts. *See State v. Berry,* 117 N.H. 352, 354–55, 373 A.2d 355, 357 (1977); *State v. Harkeem,* 97 N.H. at 510, 92 A.2d at 907–08.

Because the evidence was properly admitted for its corroborative value, we need not address the State's contention that the defendant's failure to ask for limiting instructions constituted a waiver of the prejudice issue. *See Robinson supra.* Accordingly, we affirm.

*Affirmed.*

All concurred.