Merrimack
No. 91-182

THE STATE OF NEW HAMPSHIRE

v.

DOUGLAS R. SMITH

May 5, 1992

*John P. Arnold*, attorney general (*Ward E. Scott*, attorney, on the brief and orally), for the State.

*Michael K. Skibbie*, assistant appellate defender, of Concord, by the brief and orally, for the defendant.

HORTON, J.  The defendant, Douglas R. Smith, was convicted after a jury trial in Superior Court (*McHugh*, J.) of aggravated felonious sexual assault, RSA 632-A:2, XI, and attempted aggravated felonious sexual assault, RSA 632-A:2, XI and 629:1, committed upon his nine-year-old step-daughter. He appeals his convictions. He argues that the trial court erroneously admitted evidence of the victim's venereal infection because the evidence was not relevant, or, if it was relevant, because its probative value was outweighed by its prejudicial effect. He further argues that the trial court improperly excluded evidence of a prior sexual assault of the victim that would have shown that the victim had sufficient knowledge to fabricate the allegations underlying these indictments, and provided an alternative source for the victim's venereal infection. We find that the trial

court erroneously admitted evidence of the victim's venereal infection and therefore reverse and remand.

The facts are as follows. The victim lived with her mother and the defendant, her stepfather. In approximately March 1989, the defendant allegedly sexually assaulted the victim on two separate occasions. The first time, he allegedly touched her "private spots" underneath her clothes with his hand, and ultimately penetrated her digitally. The second time, the defendant allegedly got into bed with the victim, pulled down his pants and her underwear, got on top of her, and attempted to have sexual intercourse with her. She saw the defendant ejaculate onto the bed and onto her leg above the knee. The victim reported these incidents to her father, with whom she stayed every weekend, who in turn informed the State Department of Health and Human Services. The victim was subsequently interviewed by members of the division for children and youth services and of the Northfield Police Department. At trial, Maureen E. McCanty, M.D., an obstetrician/gynecologist, testified that the victim had microplasma hominis, a type of venereal infection. The doctor explained that the infection can be transmitted either sexually or at birth. Based upon the foregoing, the defendant was convicted of aggravated felonious sexual assault and attempted aggravated felonious sexual assault.

■■ We first address the defendant's argument that evidence of the victim's venereal infection was not relevant and was therefore erroneously admitted. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.H. R. Ev. 401. Evidence which is not relevant is inadmissible. N.H. R. Ev. 402. "The determination of whether evidence is relevant is within the sound discretion of the trial court, and we will not reverse its determination absent evidence of abuse of that discretion." *State v. Caplin,* 134 N.H. 302, 306, 592 A.2d 188, 191 (1991). To demonstrate such an abuse the defendant must show that the evidentiary ruling "was clearly untenable or unreasonable to the prejudice of his case." *State v. McCue,* 134 N.H. 94, 107, 589 A.2d 580, 588 (1991).

The defendant contends that evidence of the victim's venereal infection is not relevant because (1) it is not a true indication that sexual activity occurred and (2) there is no connection between the young girl's infection and the defendant. The State argues that the evidence is relevant because it corroborates the victim's account of the sexual assault.

At trial, Dr. McCanty, the State's expert, testified that she performed a physical examination of the victim at the request of the division for children and youth services. In addition to the physical examination, the doctor testified that she took some cultures, one of which was positive for microplasma hominis, an organism with a propensity to infect genital tissues. The doctor was questioned at length regarding the manner in which the organism is transmitted. Dr. McCanty stated that the organism "is transmitted by close genital contact and it can also be transmitted from mother to child at the time of birth." The doctor was then asked by the State:

"Q. [H]ow likely is it that a child age nine, like [the victim] who has this organism would have received it from birth?

A. That it is very possible.

Q. Greater than fifty percent or less than fifty percent; can you tell?

A. I can't tell.

. . . .

Q. If a male, adult male, was laying [sic] on top of a nine year old child . . . both of which did not have clothing over their genitals . . . and the male was in a state where ejaculation could occur in the area of the opening of the child's genital and does, in fact, ejaculate. Could the organism be transmitted in that fashion?

A. Yes, it could.

Q. How likely is that to occur, assuming the male has that organism?

A. It would be very likely."

On cross-examination, Dr. McCanty was further questioned concerning the manner in which the organism is transmitted.

"Q. You said it's very likely that you can get [microplasma hominis] from birth.

A. Correct.

Q. And it's very likely that you can get it from some sort of exchange of bodily fluids in a sexual manner.

A. Correct.

Q. So the fact that someone has this does not prove that they've had sexual contact.

A. Right.

Q. They could get this without having any sexual contact.

A. That's correct.

. . . .

Q. Now, based on the fact that [the victim] had this does not necessarily prove that she was sexually assaulted.

A. That's correct."

■ That the victim is infected with microplasma hominis does not tend to make it more likely than not that sexual activity took place between the defendant and the victim. *See* N.H. R. Ev. 401. The infection is transmitted in at least two ways: by sexual contact or from the mother to the child at birth. If transmitted by sexual contact, the transmittal could have occurred at any time during the nine-year life of the child provided she has been in contact with a similarly infected party. The State presented no evidence that sexual transmittal of the organism is more likely, *see Caplin*, 134 N.H. at 306–07, 592 A.2d at 191–92 (evidence irrelevant where expert not able to link hair sample to defendant), or even that the defendant was infected with microplasma hominis; in fact, the defendant was not even tested to determine if he was so infected. As such, there is no nexus between the victim's infection and the defendant. *See State v. Leuthner*, 124 N.H. 638, 641, 474 A.2d 1029, 1030 (1984) (evidence of a tire slashed by an unrecovered knife not relevant to prove that it was the defendant's knife that was used to inflict wound on victim).

The State's argument that evidence of the victim's infection is relevant because it corroborates her account of the incident is meritless. The State directs our attention to *State v. Lurvey*, 127 N.H. 822, 823, 508 A.2d 1074, 1075 (1986), where we found evidence of the presence of semen on the clothing of a sexual assault victim relevant, despite the fact that it "had no value in connecting the defendant to the crime." The evidence at issue in *Lurvey* was not offered to establish that the defendant was the source of the semen, *id.* at 823, 508 A.2d at 1075, but rather "to corroborate the victim's rendition of the facts." *Id.* at 824, 508 A.2d at 1075.

*Lurvey* is inapposite to this case. Evidence of semen in close time proximity to the alleged act is clearly associated with the fact that sexual activity occurred. That the victim in this case is infected provides no credible nexus between the infection evidence and the incident at issue; thus, it fails to corroborate that the alleged sexual assault took place. The admission of the evidence was an abuse of

discretion because it was "unreasonable to the prejudice of [the defendant's] case." *McCue,* 134 N.H. at 107, 589 A.2d at 588.

Because the defendant was prejudiced by the admission of evidence of the victim's venereal infection, we need not address the State's contention that introduction of the evidence constituted harmless error. *See State v. Eldridge,* 134 N.H. 118, 123, 588 A.2d 1222, 1225 (1991).

*Reversed and remanded.*

All concurred.