Hillsborough-northern judicial district
No. 94-040

THE STATE OF NEW HAMPSHIRE

v.

PAUL WALSH

March 6, 1995

*Jeffrey R. Howard,* attorney general (*Sharon J. Fray-Witzer,* attorney, on the brief), for the State.

*David M. Rothstein,* assistant appellate defender, of Concord, by brief, for the defendant.

## MEMORANDUM OPINION

HORTON, J. The defendant, Paul Walsh, was convicted on one count of first degree assault, RSA 631:1 (Supp. 1994), after a jury trial in Superior Court (*Groff,* J.). On appeal, he argues that the trial court erroneously admitted irrelevant expert testimony as to the cause of the victim's injuries. We affirm.

The relevant facts are as follows. The victim and the defendant had been living together for a period of time. Early one morning the victim awoke to prepare breakfast for the defendant before he left for work. The defendant expressed some concern that the victim would leave him while he was away at work. The victim repeatedly tried to reassure the defendant that she would not leave him. During this discussion, the victim dropped something on the floor. As she rose from retrieving the item from the floor, the defendant hit her in the jaw. The victim was taken to the hospital where she learned that her jaw was broken in two places.

The State notified the defendant that it intended to call Dr. Roger Fossum to testify concerning the nature and severity of the victim's injuries. The defendant filed a motion *in limine,* which the court denied, seeking to exclude Dr. Fossum's testimony, arguing that it was irrelevant and only served to bolster the victim's credibility.

■■ Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.H. R. Ev. 401. Evidence that is not relevant is inadmissible. N.H. R. Ev. 402. Whether evidence is relevant is left to the sound discretion of the trial court, and we will not reverse the trial court's decision absent an abuse of that discretion. *State v. Smith,* 135 N.H. 524, 525, 607 A.2d 611, 612 (1992). To demonstrate that the trial court abused its discretion "the defendant must show that the evidentiary ruling was clearly untenable or unreasonable to the prejudice of his case." *Id.* (quotation omitted).

■ The defendant was charged alternatively with first degree assault and second degree assault. To prove these crimes the State had to prove that the defendant either "purposely" or "recklessly" caused serious bodily injury to another. RSA 631:1, I(a), :2, I(a) (Supp. 1994). At trial, Dr. Fossum testified concerning the nature and severity of the victim's injury, stating that in his opinion the injury was a serious

bodily injury. This testimony was relevant to prove that the victim suffered serious bodily harm. Dr. Fossum testified that the injury was consistent with a blow from a fist and that such an injury would require a great deal of force. Evidence of degree of force is relevant because it tends to prove that the defendant acted with the requisite mental state.

The fact that the defendant never suggested that the injuries were not caused by him or that the injuries were the product of insignificant force does not affect the relevance of Dr. Fossum's testimony. The State must prove beyond a reasonable doubt all the elements of the crime charged. *In re Winship,* 397 U.S. 358, 364 (1970). Because the defendant neither stipulated nor testified that he caused the injuries or that the victim suffered serious bodily injury, the State was still required to prove those elements. *See State v. Hickey,* 129 N.H. 53, 60, 523 A.2d 60, 65 (1986); *State v. O'Leary,* 128 N.H. 661, 670, 517 A.2d 1174, 1181 (1986).

The defendant's claim that Dr. Fossum's testimony was irrelevant because it bolstered the victim's credibility is without merit. Dr. Fossum did not testify whether the victim was testifying truthfully or not. While his testimony corroborated the victim's testimony, we do not exclude evidence on that basis alone. *See State v. Staples,* 120 N.H. 278, 282, 415 A.2d 320, 322 (1980). We hold that the trial court did not abuse its discretion by admitting Dr. Fossum's testimony.

*Affirmed.*

All concurred.