Rockingham
No. 93-346

### The State of New Hampshire

v.

### Thomas E. Devaney

April 21, 1995

*Jeffrey R. Howard,* attorney general (*Jeffrey S. Cahill,* attorney, on the brief and orally), for the State.

*Hale and Dorr,* of Manchester (*Richard V. Wiebusch* on the brief and orally), for the defendant.

THAYER, J. The defendant, Thomas E. Devaney, was convicted by a jury in Superior Court (*Mohl,* J.) of indecent exposure and lewdness in

violation of RSA 645:1 (1986) (now codified at RSA 645:1, I(a) (Supp. 1994)). We affirm.

On January 12, 1991, the defendant stopped at a convenience store in Seabrook. After entering the store and purchasing a can of beer from the clerk on duty, he returned to his pickup truck parked outside the store. A short time later, the clerk noticed that the truck was still outside, and she walked to the front window of the store. After looking out the window, she called the police and reported that a man was masturbating. She gave them a brief description of the man and the pickup truck, including the license plate number. Shortly thereafter, Sergeant Granlund of the Seabrook Police Department stopped the defendant's vehicle on Route 1. Granlund took the defendant to the police station for a breathalyzer test, and then charged him with "indecent exposure by knowingly exposing his genitals under circumstances which he should have known would likely cause affront or alarm."

At trial, the clerk testified that she had seen a man "masturbating" with his hands "on his penis." She also recreated the motion she saw for the jury. The clerk was then asked, "What was he moving his hands on?" She responded, "On his penis." When he testified, the defendant admitted that he stopped at the store on his way home but denied that he masturbated or exposed his genitals.

On appeal, the defendant argues that: (1) the jury instructions were erroneous as a matter of law; (2) the prosecutor's closing argument contained statements that were improper and prejudicial; (3) the evidence at trial was insufficient for the jury to find beyond a reasonable doubt that the defendant exposed his genitals; and (4) the defendant's assistance of counsel at trial was ineffective.

[1] The defendant first claims that the jury instructions were erroneous as a matter of law because they amended the charge against him. Despite a specific opportunity to object to the jury charge, the defendant made no contemporaneous objection. A contemporaneous objection is necessary to preserve a jury instruction issue for appellate review. *See State v. McLaughlin*, 135 N.H. 669, 671, 610 A.2d 809, 810–11 (1992). Because there was no objection, we do not reach the merits of this issue.

The defendant also contends that the prosecutor's closing argument contained improper and prejudicial statements because they bolstered the clerk's testimony. Specifically, the defendant argues that the prosecutor falsely claimed that the clerk identified the defendant. Although the defendant would have us review several of the prosecutor's comments, he objected to only one at trial; his challenge to

the other statements therefore is waived. *State v. Wong,* 138 N.H. 56, 66, 635 A.2d 470, 476 (1993).

The defendant objected to the prosecutor's statement concerning the events after the defendant left the store. The prosecutor said, "[The clerk] knows that on at least a couple of occasions the defendant is looking at her. She says that." The defendant objected and moved for a mistrial because the clerk never made an in-court identification of the defendant. The court instructed the prosecutor to clarify his identification statement to the jury, and offered to give any further instructions on the identification issue that the defendant requested. The prosecutor clarified his statement and continued his closing argument; the defendant made no further objections or requests.

■■■ The defendant argues that the trial court erred in denying his motion for a mistrial. A mistrial under these circumstances would be appropriate only if the prosecutor's comment created an "irreparable injustice that cannot be cured by jury instructions." *State v. Lemire,* 130 N.H. 552, 555, 543 A.2d 425, 426 (1988). If we assume that the prosecutor's comment was improper, the defendant has failed to show that it constituted an irreparable injustice that could not have been cured by a jury instruction. Because the court offered to give an instruction to the jury, and the defendant requested none, it did not err in failing to give a curative instruction. *See State v. Hunter,* 132 N.H. 556, 561–62, 567 A.2d 564, 568 (1989).

The defendant next argues that the evidence at trial was insufficient for a rational jury to find beyond a reasonable doubt that he exposed his genitals. His argument is premised on the assertion that the clerk never testified that she *saw* the defendant's penis and was never asked whether she actually saw it. He argues that a finding that she saw his penis, a necessary element of the offense charged, is therefore purely speculative and could not have been found beyond a reasonable doubt. We disagree.

■ To prevail on a claim that there was insufficient evidence to prove an essential element of a crime, "the defendant must show that no rational trier of fact could have found guilt beyond a reasonable doubt. The defendant bears a heavy burden on appeal in that the evidence and reasonable inferences drawn therefrom will be viewed in the light most favorable to the State." *State v. Allcock,* 137 N.H. 458, 461, 629 A.2d 99, 101 (1993) (citation and quotations omitted).

■ As we have noted, the clerk testified on more than one occasion that she saw the man's hands "on his penis." Based on this testimony, a fair inference can be drawn that she saw his genitals. We therefore cannot say that no rational jury could have found guilt beyond a reasonable doubt. *See id.* at 461–62, 629 A.2d at 101–02.

The defendant finally argues that his assistance of counsel was ineffective. Because the defendant never raised it below, we do not reach the merits of this issue. *State v. McAdams,* 134 N.H. 445, 447, 594 A.2d 1273, 1273 (1991).

*Affirmed.*

All concurred.