Rockingham
No. 94-534

## JACINTO RODRIGUEZ, JR.

v.

## ROBERT WEBB, SR. d/b/a BOB'S HEAVY EQUIPMENT

July 11, 1996

*Ransmeier & Spellman, P.C.*, of Concord (*Lawrence S. Smith* and *John T. Alexander* on the brief, and *Mr. Alexander* orally), for the plaintiff.

*Engel, Gearreald & Gardner, P.A.*, of Exeter (*David C. Engel* on the brief and orally), and *Jill A. DeMello*, of Newmarket, on the brief, for the defendant.

THAYER, J. The plaintiff, Jacinto Rodriguez, Jr., was injured while crushing aluminum cans in a metal baling machine (baler) owned by the defendant, Robert Webb, Sr. d/b/a Bob's Heavy Equipment. Following a trial in the Superior Court (*Dickson*, J.), the jury returned a verdict in the amount of $150,000, discounted by a finding of the plaintiff's twenty percent comparative fault. *See* RSA 507:7-d (Supp. 1995). The defendant appeals, alleging, among other things, that the trial court erred by recognizing the tort of intentional spoliation of evidence, by admitting evidence of the defendant's destruction of the baler, and by permitting the plaintiff to request a specific amount of damages from the jury. We affirm.

The defendant owns Bob's Heavy Equipment, a heavy equipment and scrap iron business. On April 10, 1989, the plaintiff was assisting Edward Kershaw, an employee of the defendant, in dumping barrels of aluminum cans into the baler for compacting. A hydraulic hose controlling the baler's lid burst, causing the lid to fall on the plaintiff. He suffered crush injuries to his arms, requiring several operations and leaving permanent scars, and broken bones in three toes.

Shortly after the accident, the defendant cut the baler up and sold it as scrap metal. The plaintiff then brought suit: count I (negligence) claimed that the defendant negligently failed to warn the plaintiff of the hazards associated with the baler and negligently failed to maintain the baler properly; count II (negligent spoliation) alleged that the defendant negligently destroyed the baler, thereby prejudicing the plaintiff's ability to recover for his injuries; and count III (intentional spoliation) claimed that the defendant intentionally destroyed the baler.

The defendant unsuccessfully moved *in limine* to exclude testimony regarding the baler's destruction. At the close of evidence, the defendant moved to dismiss the second and third counts. The trial court dismissed the negligent spoliation count, but not the intentional spoliation count. The court then instructed both parties' counsel to address the simple negligence count and the intentional spoliation count in closing argument, but informed them that jury deliberations would be bifurcated. In closing argument, plaintiff's counsel suggested that the defendant destroyed the baler in order

to hide evidence that would support the plaintiff's claim of negligence. In its charge to the jury, the court instructed the jury only on the negligence count and informed the jury that, depending on its verdict, it might thereafter be instructed on the intentional spoliation count. The jury returned a verdict on the negligence count in the amount of $150,000, with a finding that the defendant was eighty percent at fault and the plaintiff twenty percent at fault. The plaintiff then dropped his intentional spoliation claim, which was never considered by the jury.

On appeal, the defendant argues that the trial court erred in recognizing the tort of intentional spoliation of evidence, *see Smith v. Howard Johnson Co., Inc.*, 615 N.E.2d 1037, 1038 (Ohio 1993) (defining elements of intentional spoliation), and therefore testimony about the destruction of the baler was improperly admitted. Because we hold that testimony concerning the baler's destruction was admissible on the negligence count, we need not decide whether New Hampshire recognizes an independent cause of action based on intentional spoliation of evidence. The defendant does not argue that this testimony was inadmissible under New Hampshire Rule of Evidence 407 (subsequent remedial measures), and we therefore do not consider the application of Rule 407.

The defendant contends that the destruction of the baler was not relevant to the negligence claim. We disagree. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.H. R. EV. 401. The determination of whether evidence is relevant is within the trial court's sound discretion and will not be overturned absent an abuse of that discretion. *State v. Smith*, 135 N.H. 524, 525, 607 A.2d 611, 612 (1992). To constitute reversible error, the defendant must demonstrate that the ruling "was clearly untenable or unreasonable to the prejudice of his case." *Id.* (quotation omitted).

■ The defendant's relevancy argument contains two threads. He first suggests that the baler itself was not relevant, and hence its destruction was of no consequence. This argument is without merit. We fail to see how the baler could *not* have been relevant to the plaintiff's claims of negligent maintenance and failure to warn. The plaintiff's negligence claim rested squarely on the physical condition of the machine, including both the adequacy of its upkeep and the dangers associated with its operation.

The defendant's stronger argument is that the baler's destruction was irrelevant because there was no evidence that the defendant destroyed it with bad intent. *Cf.* 2 J. STRONG, MCCORMICK ON

EVIDENCE § 265, at 191 (4th ed. 1992) (discussing bad faith in spoliation context). The defendant's uncontroverted testimony was that he did not believe a lawsuit was imminent and that his motive for destroying the baler was to avoid further injury. The plaintiff was hardly in a position to contest this testimony, however, because the only witness to the machine's destruction was the defendant himself. The question we must decide is whether under these circumstances the trial court erred in permitting the plaintiff to introduce testimony about the baler's destruction and to invite the jury to infer that the destroyed evidence would have been unfavorable to the defendant.

■ Here the defendant destroyed a crucial piece of evidence shortly after the accident giving rise to the litigation. The destruction was intentional and not a matter of routine. *Cf.* 29 AM. JUR. 2D *Evidence* § 244, at 256 (1994) (no adverse inference where destruction a matter of routine with no fraudulent intent). Although there was no direct evidence that the defendant acted with fraudulent intent, the circumstances of the destruction alone were sufficient to permit the jury to infer that the destroyed evidence would have favored the plaintiff. *See Pittsfield v. Barnstead*, 40 N.H. 477, 496 (1860) (proper for jury to consider evidence of fraudulent alteration of records); Solum & Marzen, *Truth and Uncertainty: Legal Control of the Destruction of Evidence*, 36 EMORY L.J. 1085, 1093 (1987) (spoliation inference a question of fact for jury). Moreover, the jury was entitled to reject the defendant's explanations and to treat the destruction as an admission of the weakness of his case. *See State v. Simpson*, 133 N.H. 704, 707, 582 A.2d 619, 621 (1990) (evaluation of witness credibility within province of jury). Consequently, the trial court did not abuse its discretion in allowing the jury to consider the testimony and argument concerning the baler's destruction. *See Smith*, 135 N.H. at 525, 607 A.2d at 612; *State v. Langlet*, 283 N.W.2d 330, 335 (Iowa 1979).

The defendant also suggests that testimony regarding the baler's destruction, even if relevant, should have been excluded as unduly prejudicial. Relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." N.H. R. EV. 403. The trial court's determination of whether evidence is substantially more prejudicial than probative under Rule 403 is a matter of discretion and will not be disturbed absent an abuse of that discretion. *See Cabletron Systems v. Miller*, 140 N.H. 55, 58, 662 A.2d 304, 307 (1995). We discern no abuse.

■ The defendant intentionally destroyed an important piece of evidence. He defended his action as not only innocent (he did not

expect a lawsuit), but as well-intentioned (he wished to avoid further injury). The plaintiff, in turn, asked the jury to infer from the fact that the destruction was intentional and close in time to the accident that the defendant was attempting to hide evidence of negligence. The jury was free to choose between these competing explanations, and any resulting damage to the defendant's case was not unfair prejudice, but rather a reflection of the jury's assessment of the defendant's credibility.

Our resolution of the defendant's relevancy and prejudice claims based on the negligence count does not end the analysis. The defendant also argues that the trial court's recognition of the tort of intentional spoliation, and consequent allowance of testimony and argument on that count, prejudiced the jury with regard to the negligence count. We disagree. Assuming, *arguendo*, that the trial court's recognition of intentional spoliation as an independent tort was error, such error was harmless. "Where it appears that an error did not affect the outcome below, or where the court can see from the entire record that no injury has been done, the judgment will not be disturbed." *Welch v. Gonic Realty Trust Co.*, 128 N.H. 532, 537-38, 517 A.2d 808, 811 (1986) (quotation and ellipses omitted).

The only evidence relevant to the spoliation count was testimony about the baler's destruction, which we have held was admissible on the negligence count. In closing argument, plaintiff's counsel asked the jury to draw an adverse inference based on the defendant's destruction of evidence, without mentioning the spoliation count. This, too, we have held was permissible on the negligence count. Finally, the trial court carefully instructed the jury not to consider the spoliation count during its deliberations on the negligence count. We assume that jurors follow properly crafted instructions. *See State v. Smart*, 136 N.H. 639, 658, 622 A.2d 1197, 1210, *cert. denied*, 114 S. Ct. 309 (1993). Based on these considerations, we conclude that any error in recognizing the tort of intentional spoliation of evidence was harmless.

The defendant next contends that the trial court erred in permitting the plaintiff to argue a specific dollar amount of damages. In closing argument, plaintiff's counsel asked for a verdict "in a sum of at least $350,000 under the circumstances here." The defendant argues that a request by counsel for a specific sum of damages constitutes an impermissible statement of opinion or personal belief. *See* N.H. R. PROF. CONDUCT 3.4(e); *Border Brook Terrace Condo. Assoc. v. Gladstone*, 137 N.H. 11, 16–17, 622 A.2d 1248, 1252 (1993). We disagree.

In *Duguay v. Gelinas*, 104 N.H. 182, 182 A.2d 451 (1962), we struck down the use of mathematical formulas, such as the *per diem*,

in calculating damages for pain and suffering. *Id.* at 187, 182 A.2d at 454. We specifically left undisturbed, however, the rule that allows counsel "to argue to the jury the lump sum he seeks to recover." *Id.* The rationale for this rule is that a request for a specific sum of damages is a factual inference drawn from the evidence. *See Sanders v. Railroad*, 77 N.H. 381, 382–83, 92 A. 546, 547–48 (1914). "The test is whether the inference which counsel asserts as a fact, or asks the jury to find, may properly be drawn from the evidence." *Id.* at 383, 92 A. at 548 (quotation omitted). If the jury can reasonably find, based on the evidence, that the plaintiff is entitled to the amount requested, the request is not objectionable. In this case, the defendant does not challenge the reasonableness of the amount requested, and we need not consider its evidentiary support.

█ The defendant alternatively argues that the legislature's elimination of the *ad damnum* clause, *see* RSA 508:4-c (Supp. 1995), indicates the legislature's intent that specific monetary awards not be argued to the jury. We find this argument unpersuasive. This court is the final arbiter of legislative intent as expressed in the language of a statute considered as a whole. *Pope v. Town of Hinsdale*, 137 N.H. 233, 237, 624 A.2d 1360, 1362 (1993). We can "neither ignore the plain language of the legislation nor add words which the lawmakers did not see fit to include." *Petition of Walker*, 138 N.H. 471, 475, 641 A.2d 1021, 1025 (1994) (quotation omitted). We agree with the plaintiff that elimination of the *ad damnum* clause would be a peculiar means of eliminating requests by counsel of a specific dollar award in closing argument. *Cf.* 5 R. WIEBUSCH, NEW HAMPSHIRE PRACTICE, CIVIL PRACTICE AND PROCEDURE § 985, at 3 n.18 (Supp. 1994) (RSA 508:4-c presumably designed "either to control allegations in the Writ and Replication or to release the plaintiff of the burden of setting a figure early in the case"). Had the legislature's intent been to eliminate such argument, it could have said so expressly. *See State v. Gagnon*, 135 N.H. 217, 219, 600 A.2d 937, 938 (1991). Had the legislature done so, it might give rise to issues we do not address today.

The defendant's remaining two arguments are not preserved for appeal. The defendant first argues that the trial court erred in prohibiting him from cross-examining Kershaw about his representation by plaintiff's counsel in an unrelated personal injury action. On direct examination, plaintiff's counsel brought out the fact of the representation. On cross-examination, defendant's counsel asked Kershaw about the representation, and plaintiff's counsel objected. The ensuing bench conference, in its entirety, ran as follows:

[PLAINTIFF'S COUNSEL]: Your honor, I believe it was agreed that if we brought this out on direct that there wouldn't be any inquiry into it on cross-examination.

THE COURT: That was my understanding as well. Where are you headed?

[DEFENDANT'S COUNSEL]: That's it. He's making the point as to he did certain things before [plaintiff's counsel] was his attorney. Obviously things after he was his attorney, i.e., his deposition — that's the only question I'm asking him. I'm moving on to something else now. They brought up the question as to the importance of the date as to what he did before [plaintiff's counsel] was his attorney.

THE COURT: Okay. So you are all done?

[DEFENDANT'S COUNSEL]: All done.

THE COURT: Thank you.

It is clear from this exchange that the trial court believed that the defendant had agreed not to pursue this line of questioning on cross-examination if the plaintiff brought it up on direct, and that the defendant did not challenge this understanding. The issue is thus waived for purposes of appellate review. *See Tsiatsios v. Tsiatsios*, 140 N.H. 173, 179, 663 A.2d 1335, 1339 (1995).

Finally, the defendant argues that the trial court erred by instructing the jury on the standard of care applicable in premises liability cases. "A contemporaneous objection is necessary to preserve a jury instruction issue for appellate review." *State v. Devaney*, 139 N.H. 473, 474, 657 A.2d 832, 833 (1995). Although the defendant objected to the jury instructions on numerous grounds, he did not object to the standard of care instruction. Accordingly, we do not reach the merits of this issue.

*Affirmed.*

BRODERICK, J., did not sit; the others concurred.