Hillsborough-northern judicial district
No. 95-860

THE STATE OF NEW HAMPSHIRE

v.

BRUCE RANGER

July 7, 1997

*Jeffrey R. Howard*, attorney general (*Richard J. Lehmann*, attorney, on the brief and orally), for the State.

*Kenna, Johnston & Sharkey, P.A.*, of Manchester (*Bruce E. Kenna* on the brief and orally), for the defendant.

HORTON, J. The defendant, Bruce Ranger, was convicted on one charge of aggravated felonious sexual assault, *see* RSA 632-A:2 (1996), and one charge of felonious sexual assault, *see* RSA 632-A:3 (1996). He contends that the Superior Court (*Groff*, J.) erred: (1) in refusing his requests to admit evidence of prior sexual activity of the victim and for a hearing pursuant to *State v. Howard*, 121 N.H. 53, 426 A.2d 457 (1981); (2) in ruling that the defendant had not met his burden under *State v. Gagne*, 136 N.H. 101, 612 A.2d 899 (1992), to trigger *in camera* review of the victim's post-assault counseling records; and (3) by admitting into evidence a portion of a letter that did not meet the threshold requirement of relevancy, *see* N.H. R. EV. 401, 402. Because we reverse on the admission of the excerpt from the letter, we decline to reach the defendant's other arguments, but leave resolution of any questions that may arise on remand to the sound discretion of the trial court.

The victim and the defendant lived in the same neighborhood in Manchester, and the victim was a close friend of the defendant's stepdaughter. The defendant and the victim became acquainted through the victim's visits to his home to see his stepdaughter. In September 1994, when she was fourteen, the victim told a school counselor that she had been sexually assaulted by the defendant during several visits to his home. The victim later met with an employee of the New Hampshire Division for Children Youth and Families and a Manchester police detective. She maintained that the assaults took place between 1991 and 1993 and that on some occasions the defendant's stepdaughter was present. Based upon the victim's allegations, the defendant was indicted on ten separate charges in October 1994. An eleventh indictment alleging sexual contact with his stepdaughter was added in November 1994.

During trial on the charges in superior court, the State sought to introduce an excerpt from a letter written by the defendant's stepdaughter to the victim in the summer of 1994. Defense counsel made repeated objections as to the letter's relevance, including an objection that the State had failed to establish "any relevance between this letter and anything that's gone on in this particular case." The trial court overruled the objections, stating at one point that the State's attorney was "working on" establishing the document's relevance. The witness then testified that the person she was

referring to at the end of the letter was not the defendant, but the victim's former boyfriend. Nevertheless, the State moved to have the letter admitted. The trial court allowed an excerpt from the end of the letter to be read into evidence. The excerpt reads as follows:

> Is "he" still bothering you, (you know who I'm talking about) or did you say something to "him"? I hope you said something or if you didn't that's okay I just hope he's leaving you alone and staying out of your business! Well, [gotta go] don't [forget to] write back!

Immediately after the excerpt's admission, the defendant's step-daughter again testified that she was not referring to the defendant in the letter, and no other evidence was offered to link the excerpt to the defendant.

During its deliberations, the jury submitted a question to the trial judge regarding "the reason the letter . . .. [was] not admitted as evidence and made available to the jury." The jury subsequently convicted the defendant on two of the eleven charges, and this appeal followed.

██ The defendant asserts that the admission of the excerpt from the letter violated New Hampshire Rules of Evidence 401 and 402. To be relevant, the excerpt must have tended "to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.H. R. EV. 401; *see State v. Walsh,* 139 N.H. 435, 436, 655 A.2d 912, 913 (1995); *see also* 1 C. TORCIA, WHARTON'S CRIMINAL EVIDENCE § 91 at 332-33 (14th ed. 1985). If not relevant, the excerpt should have been excluded. *See* N.H. R. EV. 402. Evidentiary rulings are within the trial court's discretion, and we will not reverse its decision absent a showing by the defendant that the ruling was clearly untenable or unreasonable to the prejudice of his case. *See Walsh,* 139 N.H. at 436, 655 A.2d at 913.

██ ██ After a review of the record, we hold that the excerpt was not relevant. Evidence may fall short of the threshold requirement of relevancy if the State cannot connect the evidence to the defendant. *See State v. Guyette,* 139 N.H. 526, 529, 658 A.2d 1204, 1206-07 (1995). Here, the only testimony concerning the excerpt specifically refuted the contention that it concerned the defendant. The defendant's stepdaughter testified that the reference in the letter was to "Al," the victim's former boyfriend. The witness stated that "Al" was "following [the victim] everywhere she was going"

after their relationship ended. The State offered no evidence that the excerpted reference concerned anyone other than "Al."

In addition, no collateral evidence was offered to link the reference in the letter to the defendant. The testimony belied the conclusion that the excerpt referred to the defendant because he was the only male individual with whom both girls were acquainted. In addition to "Al," the stepdaughter testified that in the letter she inquired whether the victim was still dating a boy named Zeke, or was dating someone else. The witness stated she wrote the victim "a" letter while in North Carolina during the summer of 1994, and there was no evidence to show the girls regularly corresponded about the defendant or any conduct on his part. Finally, the State did not question the victim regarding the excerpt in order to identify the individual in the letter.

In the absence of any evidence that the individual referenced in the letter was the defendant, the excerpt allowed the jury to make impermissible inferential leaps — that the defendant was "bothering" the victim and that the defendant's stepdaughter knew about this behavior. *See id.* The erroneous admission of the excerpt thus prejudiced the defendant because it undermined the credibility of the stepdaughter's denial that she was aware of any sexual assaults.

██   The State argues that any evidence that the letter's author was actually referring to someone other than the defendant should have gone only to the weight the jury gave the excerpt. The party wishing to admit evidence bears the initial burden of establishing its relevance. *See id.* If a proffering party can link evidence to the defendant, thus allowing a court reasonably to find it relevant, the opposing party's objections go to the weight of the evidence, rather than its admissibility. *See Breest v. Perrin*, 125 N.H. 703, 707, 484 A.2d 1192, 1195 (1984). In the absence of any connection to the defendant, however, the evidence lacks relevancy and must be excluded. *See Guyette*, 139 N.H. at 529, 658 A.2d at 1207; N.H. R. Ev. 402.

*Reversed and remanded.*

THAYER, J., did not sit; the others concurred.