Rockingham
No. 83-473

THE STATE OF NEW HAMPSHIRE

v.

ELVIN MAYO, JR.

July 3, 1984

*Gregory H. Smith,* attorney general (*Donald J. Perrault,* assistant attorney general, on the brief), by brief for the State.

*Joanne S. Green,* assistant appellate defender, of Concord, by brief for the defendant.

KING, C.J. The defendant appeals his conviction in Superior Court (*Bean,* J.) for possession of a controlled drug, subsequent offense. RSA 318-B:2 (Supp. 1981); RSA 318-B:26, I(b)(2) (Supp. 1981). The sole issue raised upon appeal is whether the trial court erred in denying the defendant's request for an instruction on jury nullification. We affirm.

The defendant was arrested in Portsmouth on March 19, 1983, on an outstanding capias issued by the Rockingham County Superior Court. He was transported to the Portsmouth police station where, during a routine inventory search of his pockets, .78 grams of marijuana was discovered. The defendant was charged with resisting arrest and possession of a controlled drug, subsequent offense. RSA 318-B:2 (Supp. 1981); RSA 318-B:26, I(b)(2) (Supp. 1981).

Prior to trial, the defendant filed a motion to sever the proceedings on the two charges, which was granted by the Court (*Wyman,* J.). The defendant further moved *in limine* to exclude, from his trial on the possession charge, any reference to the pending charge of resisting arrest and also any reference to his prior conviction for the illegal sale of a controlled drug. The defendant agreed to stipulate to the fact that he had been previously convicted for the illegal sale of a controlled drug.

The Trial Court (*Bean*, J.) granted both of the defendant's motions, thereby allowing the defendant to be tried before a jury on the possession charge as though it were his first offense, with the express stipulation, however, that upon a conviction, sentencing would be on the basis of a second offense.

Defense counsel, also prior to trial, submitted to the court a request for an instruction on jury nullification. The defendant requested that the jury be instructed:

"You are instructed that even if you find that the State has proven each and every element of the offense charged beyond a reasonable doubt you may still find the defendant not guilty if you have a conscientious feeling that a not guilty verdict would be a fair result in this case."

He contended that in light of the small quantity of marijuana involved in the case, a jury might be favorably disposed to find him not guilty of the possession charge if, after having found all of the elements of the offense charged proven beyond a reasonable doubt, the jury was then allowed to go on and consider the jury nullification instruction.

The court, however, refused to give the specific instruction requested by the defendant. Rather, the court informed the defendant that the jury would be instructed:

"That the State must prove every element of the crime charged beyond a reasonable doubt and that if the State does prove every element of the crime charged to their satisfaction beyond a reasonable doubt, they *may* [or *should*] find the defendant guilty. If, however, they are not convinced beyond a reasonable doubt of every element of the crime charged, then they must find the defendant not guilty."

(Emphasis added.) The court expressly noted that this was as far as it would go on charging the jury on jury nullification. The defendant took an exception.

At the conclusion of the State's case, when both parties had rested, the court instructed the jury in accordance with its earlier ruling. The jury was instructed that "if you find that the State has proven all of the elements of the offense charged beyond a reasonable doubt, you *should* find the defendant guilty." (Emphasis added.) The defendant was convicted as charged.

On appeal, the defendant contends that the trial court committed reversible error when it refused to instruct the jury that they had

the power to acquit the defendant even though he was found to have committed the charged offense.

■■ We recognize "the undisputed power of the jury to acquit, even if its verdict is contrary to the law as given by the judge and contrary to the evidence." *United States v. Moylan*, 417 F.2d 1002, 1006 (4th Cir. 1969), *cert. denied*, 397 U.S. 910 (1970). Jury nullification, as we noted in *State v. Weitzman*, 121 N.H. 83, 89, 427 A.2d 3, 7 (1981) is "an historical prerogative of the jury."

> "This is a power that must exist as long as we adhere to the general verdict in criminal cases, for the courts cannot search the minds of the jurors to find the basis upon which they judge. If the jury feels that the law under which the defendant is accused is unjust, or that exigent circumstances justified the actions of the accused, or for any reason which appeals to their logic or passion, the jury has the power to acquit, and the courts must abide by that decision."

*United States v. Moylan supra.*

■■ Recognizing the fact that a jury does have this prerogative to disregard the instructions of a court, even as to matters of law, "does not [however] establish as an imperative that [a] jury must be informed by the judge of that power." *United States v. Dougherty*, 473 F.2d 1113, 1136 (D.C. Cir. 1972). Jury nullification is neither a right of the defendant, *State v. Weitzman supra*, nor a defense recognized by law.

■ This court in *State v. Preston*, 122 N.H. 153, 160, 442 A.2d 992, 996 (1982), noted that an instruction on jury nullification "may be [one] best given only when it is requested by a defendant or when the nature of a particular case otherwise warrants it." This language, when read in the context of the *Preston* case, is far from a mandate requiring that a jury nullification instruction be given whenever it is requested. Rather, it implies that a trial court is vested with the discretion to determine whether or not the facts of a particular case warrant such an instruction when it has been requested by a party.

■ Based upon a careful review of the entire record presented in this case, we do not find that the trial court abused its discretion in refusing to charge the jury as requested by the defendant.

We further note that although the trial court in this case refused to instruct the jury explicitly on its prerogative to acquit the defendant, even if the State had successfully proven each element of

its case beyond a reasonable doubt, it did not prevent defense counsel from presenting to the jury the possibility of jury nullification, nor did its charge negate defense counsel's statements on this issue. *See State v. Berry*, 117 N.H. 352, 355, 373 A.2d 355, 357 (1977). Defense counsel was permitted, in his closing statement, to argue to the jury that:

> "[I]f you find that the prosecution has proven to you beyond a reasonable doubt each and every element, you may, or should, find [the defendant] guilty. You are not required to. You must find him not guilty if each and every element has not been proven; you may, or should, find him guilty if each and every element has been proven. You don't have to."

The jury was expressly made aware of its prerogative to disregard the strict requirements of the law if it found that those requirements were not being justly applied in the defendant's case.

*Affirmed.*

SOUTER, J., concurred in the result; the others concurred.