Merrimack
No. 93-372

THE STATE OF NEW HAMPSHIRE

v.

MICHAEL HAMMELL

February 8, 1995

*Jeffrey R. Howard*, attorney general (*Sharon J. Fray-Witzer*, attorney, on the brief and orally), for the State.

*James E. Duggan*, chief appellate defender, of Concord, by brief and orally, for the defendant.

HORTON, J.   The defendant, Michael Hammell, was convicted on one count of driving while intoxicated, subsequent offense, RSA 265:82, I(a) (1993), after a jury trial in Superior Court (*McHugh*, J.). The sole issue on appeal is whether the trial court erred in its answer to a jury question. We affirm.

At the conclusion of the defendant's trial, the trial court gave the jury the usual instructions including the *Wentworth* instruction on reasonable doubt and burden of proof. *See State v. Wentworth*, 118 N.H. 832, 838–39, 395 A.2d 858, 862–63 (1978). The jury deliberated for approximately two hours that day but was unable to reach a verdict. The jury returned the next day to continue deliberations and after ten minutes submitted to the court the following question: "What should you do if you feel the defendant is guilty, but do not believe the State adequately proved it?"

The trial court proposed the following answer:

> The Court is not clear in its mind about your use of the phrase "adequately proved it." That being the case, the Court has attached the portion of its instruction that defines the State's burden of proof in criminal cases [the *Wentworth* instruction]. After review of the attached instruction, if you have any further questions, please advise.

The defendant objected and offered the following answer: "If you have a reasonable doubt as to whether the State has proved any one or more of the elements of the crime charged, you must find the defendant not guilty." The court rejected the defendant's proposed answer but granted the defendant's request to redact all comments, including those regarding the court's confusion as to the phrase "adequately proved it," and answer the question solely with the *Wentworth* instruction.

The court gave the following written answer to the jury's question:

> Under our constitutions, all defendants in criminal cases are presumed to be innocent until proven guilty beyond a reasonable doubt. The burden of proving guilt is entirely on the State. The defendant does not have to prove his innocence. The defendant enters this courtroom as an innocent person, and you must consider him to be an innocent person until the State convinces you beyond a reasonable doubt that he is guilty of every element of the alleged offense. *If, after all the evidence and arguments, you have a reasonable doubt as to the defendant's having committed any one or more of the elements of the offense, then you must find him not guilty.*
>
> A "reasonable doubt" is just what the words imply. The use of the word "reasonable" means simply that the doubt must be reasonable rather than unreasonable; it must be a doubt based on reason. It is not a frivolous or fanciful doubt, nor is it one that can easily be explained away. Rather, it is such a doubt based upon reason as remains after consideration of all of the evidence that the State has offered against it. The test you must use is this: *If you have a reasonable doubt as to whether the State has proved any one or more of the elements of the crime charged, you must find the defendant not guilty.* However, if you find that the State has proved all of the elements of the offense charged beyond a reasonable doubt, you should find the defendant guilty.

(Emphasis added.)

■ The response to a jury question is left to the sound discretion of the trial court. *State v. McLellen*, 139 N.H. 132, 137, 649 A.2d. 843, 846 (1994). "A claim that the trial court erroneously instructed or refused to instruct the jury, or refused to answer a jury question in language requested by the defendant, must be evaluated in the context of the entire charge and all of the evidence." *State v. Dedrick*, 135 N.H. 502, 505, 607 A.2d 127, 129 (1992). A court is not required to use the specific language the defendant requests. *Id.* "When a jury's question is susceptible of several interpretations, the court may engage in further dialogue to ascertain its specific meaning . . . [or] refer the jury to the complete and adequate instructions previously given." *Id.*

■ As the trial court made clear, the jury's question was susceptible of two different interpretations: that the jury was confused on reasonable doubt or that the jury was confused as to what they should do if they found that the State had not met its burden of proof. Within its discretion, the trial court chose to give the jury the instruction that would answer sufficiently both questions. *See id.* Referring the jury to the previously given instruction was particularly appropriate in this case given our advice in *Wentworth* to avoid straying from the approved definition of reasonable doubt set forth in that opinion, *Wentworth*, 118 N.H. at 839, 395 A.2d at 863, and our recent reiteration of the importance of using the language in *Wentworth* "in order to avoid needless litigation," *State v. Bonacorsi*, 139 N.H. 28, 30–31, 648 A.2d 469, 470 (1994).

The *Wentworth* instruction answered both possible interpretations of the jury question. It answered the question about the reasonable doubt standard with the language urged by this court, and responded to the defendant's concerns with firm instructions to acquit if the State has not met its burden of proof beyond a reasonable doubt. In fact, language strikingly similar to the answer requested by the defendant appears twice in the instruction. The trial court properly answered the jury's question.

*Affirmed.*

BATCHELDER, J., dissented; the others concurred.

BATCHELDER, J., dissenting:   It is difficult for me to escape the forthrightness and simplicity of the jury's question—the statement was made in the question that the jury entertained a reasonable doubt as to some element or elements of the offense. The jury should have been instructed to return a verdict of not guilty.