Coos
No. 94-868

THE STATE OF NEW HAMPSHIRE

v.

RUSSELL C. HOKANSON

March 12, 1996

*Jeffrey R. Howard*, attorney general (*Jane E. Young*, assistant attorney general, on the brief and orally), for the State.

*James E. Duggan*, chief appellate defender, of Concord, by brief and orally, for the defendant.

HORTON, J. The defendant, Russell C. Hokanson, was convicted of manufacturing a controlled drug. RSA 318-B:2 (1995); RSA 318-B:26, I(c)(5) (1995). He appeals, arguing that the Superior Court (*Perkins*, J.) erred in refusing to admit expert testimony regarding the medicinal use of marijuana to support his attempt to obtain jury nullification. We affirm.

The defendant was indicted for knowingly cultivating several hundred marijuana plants. At trial he testified that he was involved in a serious car accident in 1965 in which he suffered multiple injuries and on account of which he was hospitalized for about a year. In order to ease the pain of his injuries, the defendant at various times took either Demerol or morphine but found that these drugs produced adverse side effects. He testified that in 1966 he tried marijuana and found that it eased his pain without adverse side effects. The defendant sought to introduce expert testimony from Dr. Lester Grimspoon of Harvard Medical School about the beneficial effects of marijuana use, in particular in alleviating chronic pain and depression. The court refused to admit this evidence, concluding that it was irrelevant because it did not tend to prove or disprove any element of the crime. The court did, however,

instruct the jury on nullification. The defendant contends that since jury nullification played a central role in the case, the court abused its discretion in excluding his expert's testimony. We disagree.

■ ■ "We have recognized jury nullification as the undisputed power of the jury to acquit, even if its verdict is contrary to the law as given by the judge and contrary to the evidence." *State v. Bonacorsi*, 139 N.H. 28, 31, 648 A.2d 469, 470-71 (1994) (quotation omitted). While the trial court ordinarily gives the *Wentworth* instruction, *see State v. Wentworth*, 118 N.H. 832, 838-39, 395 A.2d 858, 862-63 (1979), which provides the equivalent of a jury nullification instruction, *see Bonacorsi*, 139 N.H. at 30-31, 648 A.2d at 470, the decision to give a more specific instruction on nullification lies within the sound discretion of the trial court. *See State v. Mayo*, 125 N.H. 200, 203, 480 A.2d 85, 87 (1984). That the defendant has made nullification a central aspect of his case does not make nullification a valid defense. It is well-established that "jury nullification is neither a right of the defendant, nor a defense recognized by law." *Bonacorsi*, 139 N.H. at 31, 648 A.2d at 471.

The trial court found Dr. Grimspoon's testimony on the medicinal use of marijuana to be irrelevant. The trial court's ruling on the relevancy of evidence will be upheld absent a showing of abuse of discretion. *See State v. Walsh*, 139 N.H. 435, 436, 655 A.2d 912, 913 (1995). In order to show an abuse of discretion, "the defendant must show that the evidentiary ruling was clearly untenable or unreasonable to the prejudice of his case." *Id.* (quotation omitted). Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.H. R. Ev. 401.

■ The defendant argues that expert testimony regarding the medicinal use of marijuana is relevant to corroborate the defendant's explanation of why he grew the marijuana. We agree with the trial court that this evidence is irrelevant because it does not assist in the "determination of the action." *See id.*

The wording of Federal Rule of Evidence 401 mirrors New Hampshire Rule of Evidence 401. *See* FED. R. EVID. 401. It is, therefore, appropriate for us to look to the interpretation of Federal Rule of Evidence 401 to assist us in construing our own rule. *See State v. Kiewert*, 135 N.H. 338, 343, 605 A.2d 1031, 1034 (1992).

In a criminal case the issue "of consequence to the determination of the action" is the guilt or innocence of the defendant. *See United States v. Federico*, 658 F.2d 1337, 1342 & n.5 (9th Cir. 1981). In other words:

> Whether a proposition is of consequence to the determination of the action is a question that is governed by the substantive law. Simply stated, the proposition to be proved must be part of the hypothesis governing the case — a matter that is in issue, or probative of a matter that is in issue, in the litigation.
>
> . . . .
>
> The governing hypothesis of any criminal prosecution consists of the elements of the offenses charged and the relevant defenses (if any) raised to defeat criminal liability.

*United States v. Hall*, 653 F.2d 1002, 1005 (5th Cir. 1981) (citations omitted). The advisory committee notes to Federal Rule of Evidence 401 define relevancy in a similar manner: "Relevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter *properly provable* in the case." FED. R. EVID. 401 advisory committee's notes (emphasis added).

■■ The defendant's attempt to persuade the jury to exercise its nullification power does not go to prove the defendant's guilt or innocence. *See United States v. Moylan*, 417 F.2d 1002, 1009 (4th Cir. 1969), *cert. denied*, 397 U.S. 910 (1970). Jury nullification is not a defense available to the defendant; hence, it is not a matter properly provable in the case. *See id.* The fact that the trial court exercised its discretion to specifically instruct the jury as to its inherent power to return a verdict "in the teeth of both law and facts," *Horning v. District of Columbia*, 254 U.S. 135, 138 (1920), or that the defendant rigorously urged the jury to exercise that power, does not alter the nature of nullification as the jury's prerogative and not the defendant's right. It is, therefore, firmly within the trial court's discretion to "block [a] defense attorney['s] attempts to serenade a jury with the siren song of nullification." *United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993), *cert. denied*, 114 S. Ct. 2714 (1994).

*Affirmed.*

All concurred.