JOURNAL ENTRY AND OPINION
This is an appeal of a conviction following a jury trial before Judge Christine T. McMonagle and Visiting Judge John L. Angellotta.[1]
Appellant Christian Haywood claims that he cannot and should not be subject to a rape conviction for consensual sexual conduct with the twelve-year-old victim. He asserts, inter alia, that his conviction is not supported by the evidence or it is unconstitutional. We do not agree and affirm.
In August 1998, Haywood, then twenty-two years old, had sexual intercourse with T.T., then two months past her twelfth birthday. In September 1998, T.T. was caught while attempting to shoplift a home pregnancy test, and reported her involvement with Haywood to her mother. Haywood admitted having sex with T.T. and, when he learned she was pregnant, offered to pay for an abortion.
He was indicted for rape on February 3, 1999, but failed to appear for trial on June 22, 1999. He was found in Minnesota, taken into custody, and returned to Ohio in January 2000 and trial was held May 11-15, 2000. In his defense, Haywood claimed T.T. misled him about her age stating that, about a week before the couple had sex, she was picked up by Cleveland police and cited for a curfew violation and told both him and authorities that she was sixteen years old. T.T. testified she had known Haywood since she was about six years old because he was a friend of her cousin and admitted telling Haywood that she was sixteen prior to having sex.
Haywood was found guilty of rape of a child under thirteen, R.C.2907.02(A)(1)(b), and a sexual predator hearing and sentencing were scheduled for June 15, 2000. He was not found to be a sexual predator, but was adjudicated a sexually oriented offender and notified that he was subject to registration requirements. He was sentenced to six years for the rape conviction, consecutive to a one-year sentence imposed for a separate drug conviction.
The first two assignments of error raise the same issues:
 I. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT DID NOT COMPLETELY INFORM THE JURY AS TO THE ELEMENTS OF SEXUAL CONDUCT.
 II. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HE WAS CONVICTED OF RAPE AS ANY SEXUAL CONDUCT WAS WITH PRIVILEGE.
Haywood claims that the jury should have been instructed that he could not be convicted of rape if he had a privilege to engage in sexual relations with T.T. and that he could not have been convicted because T.T.'s consent conferred that privilege upon him. Because he did not preserve error with respect to the jury instructions, we can sustain the first assignment only on a finding of plain error.[2] The second assignment attacks the sufficiency of the evidence, and we will overturn the verdict on these grounds only if no reasonable jury could have found him guilty on the evidence presented.[3]
R.C. 2907.02(A)(1)(b) defines rape to include sexual conduct with a person under thirteen years old. R.C. 2907.01(A) defines sexual conduct as follows:
 Sexual conduct means vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal cavity of another. * * *.
The judge excluded part of this definition, instructing the jury only that sexual conduct included vaginal intercourse, and omitted the remainder of the instruction. Haywood argues that failing to give the complete instruction was error because the jury was required to consider whether he engaged in the conduct without privilege to do so before returning a conviction. The State counters that the without privilege clause does not apply to the vaginal intercourse in this case and such an instruction was unnecessary.
We agree that R.C. 2907.02 does not require proving a lack of privilege when the sexual conduct is vaginal intercourse because the privilege clause excludes conduct such as medical examinations from the definition of sexual conduct. A claim of privilege does not place vaginal intercourse outside the definition of sexual conduct — rather, it would remove the sexual conduct from the definition of rape by negating some other element of the offense. The jury was properly instructed concerning the definition of sexual conduct as it applies to this case.
Haywood's claim of privilege is based on the consent of a twelve-year-old girl to engage in intercourse. His argument is contrary to R.C. 2907.02(A)(1)(b), which defines sexual conduct with a child under thirteen years of age as rape regardless of consent. Simply put, a child under thirteen cannot validly consent to engage in sexual conduct, and Haywood cannot rely on his victim's acquiescence to claim privilege.[4]
The first and second assignments of error are overruled.
The third assignment of error states:
 III. DEFENDANT WAS DENIED A FAIR TRIAL BY REASON OF IMPROPER PROSECUTORIAL ARGUMENT APPEALING TO PASSION AND PREJUDICE.
Haywood claims the prosecutor improperly appealed to the jury's passion and prejudice and cites the following as improper argument:
 It's there to protect children. You all agreed with that prior to when I was questioning you. A child of the age of twelve years, she's physically mature, doesn't have the emotional or mental maturity to make a decision, an informed decision to engage in sexual relations, and that is why the law is there. It's there to protect children from people like this, from men like this who will take advantage of them.
 Because if you come back not guilty you are telling him it's all right to mess around with a 12 year old. Just say you thought she was 16, or she looks 16. That is the message you will send if you come back with a not guilty verdict.
 Folks, I know you will not do that. The evidence here is overwhelming. He had a right to trial. He had a right to test the evidence here. That is exactly what he had a right to do, and he did it. And folks, you can have only one verdict here. Guilty.
 He took advantage of a 12 year old, and members of our society, members of this community, you've got to tell him this is not tolerated in our community.
Haywood claims that this argument encouraged conviction on general principle rather than on the evidence, and was made to incite [the] jury to convict to meet a public demand * * *.[5] While we agree that a prosecutor should not seek convictions based on a general sense of outrage concerning an offense, this was not the gist of the argument here. Haywood admitted to sexual intercourse with a twelve-year-old girl, and the prosecutor was correct in noting that the only way Haywood could be found not guilty was through jury nullification. The argument was not intended to persuade the jury to convict in spite of the evidence, but to dissuade the jury from returning an acquittal despite the undisputed evidence.
Ohio courts have ruled that a trial judge need not instruct the jury that it has the power of nullification,[6] but the appellate courts of this state appear not to have ruled on whether a lawyer may argue the issue of nullification. The issue is normally raised when a defense lawyer seeks to argue for nullification,[7] but Haywood submits that the prosecutor should not have been allowed to argue against it. Without deciding the general propriety of such arguments, we find the prosecutor's argument appropriate here because, as noted, Haywood had no other argument available to him. The prosecutor anticipated an argument for nullification, whether expressly or implicitly, and sought to refute it. Haywood made such an argument for nullification asking the jury to acquit him based upon his mistake over the girl's age, or upon the consent of the child or her mother. The prosecutor's argument was proper under the circumstances and the third assignment of error is overruled.
The fourth assignment states:
 IV. DEFENDANT WAS DENIED A FAIR TRIAL BY REASON OF IMPROPER CROSS-EXAMINATION.
Haywood testified on his own behalf, and claims he was subjected to unfair and irrelevant cross-examination concerning his history of drug use and convictions for drug trafficking, his flight to avoid the first trial, and his relationships with his girlfriend and his two children. Specifically, he contends unfair prejudice when the prosecutor characterized him as a drug boy, when he asked him how old his current girlfriend was when they first had sex, and when he questioned him concerning his provision for support of his children. The State counters that these questions were appropriate based upon Haywood's direct testimony, and that he was not prejudiced or deprived of a fair trial. Haywood objected only to the questions characterizing him as a drug boy, and asking him why the jury should believe a drug trafficker but did not object to questions about his girlfriend and children, or his failure to appear for the first trial and flight to Minnesota.
We cannot find reversible error here regardless of whether we apply a plain error standard for unpreserved error, or the standard of harmlessness beyond a reasonable doubt for error that was preserved. Even if any part of the cross-examination was improper, Haywood cannot possibly show prejudice because he admitted committing the offense, and apparently took the matter to trial only in the hope of obtaining a jury nullification. Even if we would entertain the theory that his chance for nullification was prejudiced by a trial error, such a theory would have to be expressly presented and argued before us, and it has not been so presented here. Moreover, we expect such an argument would be advanced only in a case with extraordinary facts compelling its consideration, and this case presents no such facts.
Haywood testified that he had sex with the girl. The remainder of his testimony was irrelevant to the offense, and went solely to the question of nullification. Regardless of the propriety of the questioning, he was not prejudiced by the cross-examination. The fourth assignment of error is overruled.
The fifth and sixth assignments of error state:
 V. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HE WAS CONVICTED OF AN OFFENSE WHICH DID NOT REQUIRE PROOF OF ANY CULPABLE MENTAL STATE.
 VI. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THERE WAS NO REQUIREMENT THAT DEFENDANT KNOW THE AGE OF THE VICTIM.
Under these two assignments, Haywood argues that his conviction is unconstitutional because there is no mens rea requirement whatsoever for the offense of rape as defined in R.C. 2907.02(A)(1)(b), or for the age element of that offense. R.C 2.907.02(A)(1)(b) defines sexual conduct with a child under thirteen as rape, punishable as a first degree felony. The statute specifically provides that a person can be guilty of the offense whether or not the offender knows the age of the other person. The age element of this form of rape is, therefore, a matter of strict liability.[8] Rape of a child under thirteen has been described as a strict liability offense, and the act itself, engaging in sexual conduct, does not require a mental element.[9] Our analysis is the same regardless of whether we consider strict liability imposed for the offense or only for the age element.
There is no constitutional bar to attaching felony punishment to strict liability offenses. Although a criminal statute that does not specifically state a mens rea requirement will not be construed as a strict liability offense unless that intent is plainly shown, this doctrine is a matter of statutory construction, not constitutional law.[10] In fact, sexual conduct with a child was considered a strict liability offense at common law, and has long been recognized as an exception to the general requirement of guilty knowledge in the criminal law.[11] As noted, R.C. 2907.02(A)(1)(b) plainly imposes strict liability concerning the victim's age.
Haywood cites Lambert v. California[12] for imposing constitutional due process restrictions on strict liability offenses, but that case is inapplicable here. The Lambert Court recognized that legislators have wide latitude to create strict liability offenses, but found that, absent actual knowledge of the requirement, punishment could not be constitutionally imposed for violating an ordinance requiring convicted felons to register with the police.[13] The Supreme Court has further restricted Lambert's application, stating, inter alia, that Lambert applied only to crimes of omission, and that this Court has never articulated a general constitutional doctrine of mens rea.[14] The Ohio Supreme Court has also interpreted Lambert narrowly, stating:
 The Lambert decision rested on three factors: (1) The conduct involved was passive, (2) the situation addressed by the ordinance would not move one to inquire as to the applicable law, and (3) the law is designed solely for its convenience in compiling a list which might be of some assistance to law enforcement agencies. [citation omitted.][15]
Haywood had sex with a twelve-year-old girl. This is not passive conduct, it is certainly the type of conduct which should move one to inquire into the applicable law, and the law is designed not for convenience, but to protect children from those who would prey on them.
Haywood submits that strict liability is unfair because the age element draws an arbitrary line — he suggests the law is designed to protect pre-pubescent children, and that he should not be convicted because T.T., while only twelve years old, had reached puberty. This argument misconstrues the goals of R.C. 2907.02(A)(1)(b), which go beyond protecting those physically unprepared for sexual behavior, but are also intended to protect those mentally and emotionally unprepared. Although an age requirement is imperfect, it is no less flawed than a requirement based on physical development, and is more easily applied.
Haywood cannot persuasively argue that he was not on notice of the risks he undertook when taking advantage of this child. American culture might glorify youthful sex appeal, but is at the same time rife with warnings against sexual conduct with children. The word jailbait is defined in Webster's New Collegiate Dictionary (1976) as a girl under the age of consent with whom unlawful sexual intercourse constitutes statutory rape. Any person contemplating sexual conduct with a child in this age range should be cautious — the existence of statutory rape laws is hardly a secret. Haywood's fifth and sixth assignments of error are overruled.
The seventh assignment of error states:
 VII. DEFENDANT WAS DENIED EQUAL PROTECTION OF THE LAW AND DUE PROCESS OF LAW WHEN HE WAS CONVICTED OF A FIRST DEGREE FELONY WHEN SIMILAR CONDUCT IS NOT PUNISHED AS SUCH.
Haywood argues that his offense is unfairly punished as a first-degree felony, when he would have been guilty only of the less serious offense of sexual battery, R.C. 2907.03, if he had been an authority figure defined in the sexual battery statute. He mistakenly believes that if he had satisfied one of the relational components of 2907.03(A)(8) or (9), he would have been prosecuted under that statute, and not under R.C.2907.02. He fails to recognize the difference between the significance of being a minor, defined as a person under eighteen years of age in R.C.2907.01(M), and being less than thirteen years of age under R.C. 2907.02. There is no denial of equal protection when greater punishment is imposed for sexual conduct with someone under thirteen years of age, as opposed to someone merely under eighteen years of age, because the offenders are not similarly situated. Moreover, nothing in R.C. 2907.03 would insulate a defined authority figure from the more serious charge of rape if the victim was under thirteen. The seventh assignment of error is overruled.
The eighth and ninth assignments of error state:
 VIII. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HE WAS FOUND TO BE A SEXUALLY ORIENTED OFFENDER WHEN THERE WAS NO INDICTMENT, PLEADING OR NOTICE.
 IX. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HE WAS DETERMINED TO BE A SEXUALLY ORIENTED OFFENDER.
Haywood claims that he was unfairly determined to be a sexually oriented offender without proper notice, and that the evidence did not support such classification. The State correctly notes that the determination was statutorily mandated upon his conviction, and that he was not entitled to any more notice than he received.
R.C. 2950.04 imposes a duty to register on every person convicted of a sexually oriented offense (defined in R.C. 2950.01(D)(1) to include this offense), and R.C. 2950.03(A)(2) required that Haywood be notified of this duty at sentencing. Although an offender must be given notice and opportunity to be heard before being adjudicated a sexual predator under R.C. 2950.09, which results in more onerous registration requirements, there are no further determination or notification requirements to impose the duty to register as a sexually oriented offender under R.C. 2950.04. The judge held a sexual predator hearing, but did not find Haywood a sexual predator and, therefore, imposed the less burdensome registration sanctions upon him.
R.C. 2950.04 imposes a registration requirement, and is not considered a criminal punishment.[16] Because the determination is civil in nature, no indictment is necessary, the duty automatically arises from conviction of the stated offenses, and no pleading or notice is necessary prior to the notice given in R.C. 2950.03. The only way Haywood could have escaped the duty is by avoiding conviction of the underlying offense. Finally, Haywood was not denied due process by the automatic imposition of the duty to register. The conviction requirement dispels any argument that the duty to register is arbitrarily imposed.[17] Haywood's arguments stem from his erroneous belief that the duty to register is at criminal sanction but, because R.C. 2950.04 imposes a civil duty imposed on a reasonable basis, it satisfies procedural and substantive due process requirements.[18] The eighth and ninth assignments of error are overruled.
The tenth, and final, assignment of error states:
 X. DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.
This assignment is based upon Haywood's claims that his lawyer failed to object to the prosecutor's allegedly improper cross-examination of him, and also failed to interview defense witnesses before calling them to testify. In order to show ineffective assistance of counsel, he must show not only that his lawyer's representation fell below reasonable professional standards, but that he was prejudiced as a result.[19]
Prejudice is shown if, but for the lawyer's errors, there is a reasonable probability the outcome of the trial would have been different and, if we can determine that no prejudice occurred, we need not determine whether a lawyer's conduct violated professional standards.[20]
As noted, Haywood's only defense was a plea for jury nullification, because the elements of the offense were conclusively shown, and absent an argument expressly addressing this issue and extraordinary circumstances, we will not find prejudice to a defendant's chance at obtaining jury nullification. The tenth assignment of error is overruled.
Judgment affirmed.
It is ordered that the appellee recover from appellant costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. Appellant's conviction having been affirmed, any bail pending appeal is vacated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TERRENCE O'DONNELL, J., CONCUR; MICHAEL J. CORRIGAN, P.J. CONCURS IN JUDGMENT ONLY.
 ______________________ ANNE L. KILBANE, JUDGE
[1] Due to an emergency, Judge Angellotta presided over part of the trial proceedings after trial had begun; Judge McMonagle impanelled the jury, and returned to preside after the jury's verdict.
[2] State v. Williford (1990), 49 Ohio St.3d 247, 252, 551 N.E.2d 1279,1284.
[3] State v. Stallings (2000), 89 Ohio St.3d 280, 289, 731 N.E.2d 159,171.
[4] Also, to the extent Haywood bases his privilege claim on the alleged consent, express or implied, of the child's mother, we reject such a claim. No parent has authority to subject a child to sexual encounters, and no defendant has a right to rely on such parental consent.
[5] State v. Cloud (1960), 112 Ohio App. 208, 217, 168 N.E.2d 761,767.
[6] See State v. Jackson (Feb. 20, 2001), Franklin App. No. 00AP-183, unreported.
[7] See, e.g., Harding v. Florida (Fla.App. 1999), 736 So.2d 1230
(nullification argument not allowed), and State v. Bonacorsi (1994),139 N.H. 28, 32, 648 A.2d 469, 471 (nullification argument permitted).
[8] R.C. 2901.21(B); State v. Smelcer (1993), 89 Ohio App.3d 115,124, 623 N.E.2d 1219, 1225.
[9] R.C. 2901.21 does require a voluntary act; whether one can posit some circumstance in which a voluntary act can result in accidental sexual conduct is not at issue here, and does not affect the constitutional analysis.
[10] R.C. 2901.21(B); see, also, Morrissette v. United States (1952),342 U.S. 246, 263, 72 S.Ct. 240, 249-50, 96 L.Ed. 288 (construing federal statute).
[11] Id. at 251 n. 8, 72 S.Ct. at 244 n. 8.
[12] (1957), 355 U.S. 225, 78 S.Ct. 240, 2 L.Ed.2d 228.
[13] Id. at 228-29, 78 S.Ct. at 242-43.
[14] Powell v. Texas (1968), 392 U.S. 514, 535 and n. 27,88 S.Ct. 2145, 2155-56 and n. 27, 20 L.Ed.2d 1254.
[15] University Heights v. O'Leary (1981), 68 Ohio St.2d 130, 134, 22 O.O.3d 372, 429 N.E.2d 148, 151.
[16] State v. Cook (1998), 83 Ohio St.3d 404, 417, 700 N.E.2d 570,581.
[17] See, e.g., State v. Williams (2000), 88 Ohio St.3d 513, 524,728 N.E.2d 342, 355 (addressing R.C. Chapter 2950 under Section 1, Article 1 of the Ohio Constitution).
[18] Williams; Cook, supra.
[19] Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052, 2064, 80 L.Ed.2d 674; State v. Johnson (2000), 88 Ohio St.3d 95,108, 723 N.E.2d 1054, 1067.
[20] Strickland, at 694, 697, 104 S.Ct. at 2068-69.