Hillsborough-southern judicial district
No. 2009-831

THE STATE OF NEW HAMPSHIRE

v.

RICARDO PRUDENT

Argued: November 10, 2010
Opinion Issued: December 22, 2010

*Michael A. Delaney*, attorney general (*Thomas E. Bocian*, assistant attorney general, on the brief and orally), for the State.

*Stephanie Hausman*, assistant appellate defender, of Concord, on the brief and orally, for the defendant.

CONBOY, J. The defendant, Ricardo Prudent, appeals his conviction of class A misdemeanor criminal mischief for purposely damaging his girl-friend's television set. *See* RSA 634:2 (2007) (amended 2009, 2010). He argues that the Superior Court (*Lynn*, C.J.) erred by refusing to strike testimony that he had engaged in physical altercations with his girlfriend, and by misstating the law when it instructed the jury venire on nullification. We affirm.

The following facts were adduced at trial. On December 31, 2008, the defendant's girlfriend, Wendy Steinmetz, drove him to a club in Saugus, Massachusetts. Shortly after they arrived, Steinmetz told the defendant that she wanted to leave, and he became upset. Steinmetz attempted to leave on her own, but the defendant stopped her by grabbing the back of her jacket. The two argued, and then the defendant threw her into the passenger seat of her car and drove her back to her apartment in Nashua. They continued to argue on the drive home. When they arrived at Steinmetz's apartment, she asked the defendant to wait in the lobby while she went to her apartment to retrieve his belongings. The defendant, however, followed her upstairs to her apartment and stood in the doorway while she collected his things.

After Steinmetz gave the defendant his belongings, he entered the apartment to determine whether she had forgotten anything. He then picked up an iron and asked her whether their relationship was over. When she responded that it was, he threw the iron; however, it did not travel far because he was standing on the cord. He picked up the iron again and repeated his question. Again, she responded that it was. The defendant then stated, "kiss your f\*\*king TV goodbye," threw the iron at Steinmetz's fifty-two inch television, and left. The iron broke the television screen. At the police station, the defendant admitted that he had thrown the iron at the television. When asked if he meant to "screw up" Steinmetz's television, he replied, "Yeah, I was mad I must say so." Steinmetz had paid $2,250 for the television in September 2005.

On the day of jury selection, the trial court was informed that a group of people had been distributing pamphlets on jury nullification outside the courthouse. The trial court asked the venire whether any of them had received a pamphlet, and about half raised their hands. The trial court then instructed the venire at length on jury nullification, including advising the venire that a jury in a criminal case has the power, but not the right, to nullify.

At trial, Steinmetz was allowed to testify, over objection, that at the club the defendant grabbed the back of her jacket and subsequently threw her into her car. The jury found the defendant guilty of misdemeanor criminal mischief.

On appeal, the defendant argues that the trial court erred by:

(1) admitting evidence of the physical altercations at the club; and

(2) misstating the law on jury nullification.

The defendant first contends that the evidence of the physical altercations was inadmissible under New Hampshire Rules of Evidence 403 and 404(b). The State disagrees but argues that even if the trial court erred by admitting the evidence, the error was harmless beyond a reasonable doubt.

▉ Assuming, without deciding, that the trial court erred by admitting the evidence, we conclude that its admission was harmless. "It is well settled that the erroneous admission of evidence may be harmless if the State proves, beyond a reasonable doubt, that the verdict was not affected by the admission." *State v. Wall*, 154 N.H. 237, 245 (2006). "An error may be harmless beyond a reasonable doubt if the alternative evidence of the defendant's guilt is of an overwhelming nature, quantity, or weight, and if the inadmissible evidence is merely cumulative or inconsequential in relation to the strength of the State's evidence of guilt." *Id.* (quotations omitted).

▉ The State argues that the alternative evidence of the defendant's guilt was overwhelming. To prove the defendant's guilt the State was required to prove that he, "having no right to do so nor any reasonable basis for belief of having such a right, purposely or recklessly damage[d] property of another," RSA 634:2, I, and that he "purposely cause[d] or attempt[ed] to cause pecuniary loss in excess of $100 and not more than $1,000," RSA 634:2, II-a. The evidence at trial included: (1) Steinmetz's testimony that she and the defendant had been arguing since they were at the club in Saugus; (2) Steinmetz's testimony that she asked the defendant to wait in the lobby of her apartment building while she retrieved his belongings, but that he followed her upstairs to her apartment; (3) Steinmetz's testimony that after learning that their relationship was over, the defendant at first unsuccessfully, and then successfully, threw the iron through the television screen; (4) Steinmetz's testimony that she paid $2,250 for the television; (5) photographs of the damaged television; (6) the defendant's confession to the police that he caused the damage to the television; and (7) the defendant's admission to police that he meant to "screw up" Steinmetz's television.

We conclude that the evidence of the defendant's guilt was overwhelming, and that any error in the admission of evidence of the physical

altercations did not affect the jury's verdict. Thus, the State has met its burden of proving harmless error beyond a reasonable doubt.

■ Next the defendant argues that the trial court erred in its instructions to the venire on jury nullification. This issue is raised as plain error. *See* SUP. CT. R. 16-A. For a claim to be successfully raised as plain error: "(1) there must be an error; (2) the error must be plain; (3) the error must affect substantial rights; and (4) the error must seriously affect the fairness, integrity, or public reputation of judicial proceedings." *State v. Russell*, 159 N.H. 475, 489 (2009) (quotation omitted).

We first address whether the trial court's instruction constituted error. The defendant argues that the trial court erred by instructing the venire that juries do not have the right to nullify and by implying that jury nullification is against the law and a violation of the jurors' oath. He contends that this instruction violated his right to have the jury deliberate without improper influence from the court. He points to the following statements of the trial court to the venire:

> [J]urors do not have the right to not follow the law. They have the power to do so and if they do so and, you know, nobody knows it in the deliberation — in the sort of confines of the jury room where nobody, including the judge, is entitled to intrude, the jury decides to exercise that power even if sort of wrongly, so to speak, because it's not — it's against the law, there's nothing anybody can do about that.

■ The State contends, and the defendant does not contest, that we review instructions given to the venire under the standard used to review instructions given to empanelled juries. Under that standard, we evaluate allegations of error by interpreting the disputed instructions in their entirety, as a reasonable juror would have understood them, and in light of all the evidence in the case. *State v. Hernandez*, 159 N.H. 394, 400 (2009). Whether a particular jury instruction is necessary, and the scope and wording of the jury instructions, are within the sound discretion of the trial court, and we review the trial court's decisions on these matters for an unsustainable exercise of discretion. *Id.*

■ It is well established that the model charge set forth in *State v. Wentworth*, 118 N.H. 832, 838-39 (1978), "provides the equivalent of a jury nullification instruction." *State v. Sanchez*, 152 N.H. 625, 629 (2005). That charge, which addresses the State's burden of proof, the presumption of innocence, and reasonable doubt, includes the following instruction:

> The test you must use is this: if you have a reasonable doubt as to whether the State has proved any one or more of the elements of

the crime charged, you *must* find the defendant not guilty. However, if you find that the State has proved all of the elements of the offense charged beyond a reasonable doubt, you *should* find the defendant guilty.

*Wentworth*, 118 N.H. at 839 (quotations omitted; emphasis added). We have held that "the effect of 'should' in the charge provides the equivalent of a jury nullification instruction that even if the jurors found that the State proved beyond a reasonable doubt all the elements of the offense charged, they could still acquit the defendant." *Sanchez*, 152 N.H. at 629 (quotations and brackets omitted). Here, the trial court gave the standard *Wentworth* instruction both to the venire and to the jury at the close of the case.

Nevertheless, in explaining the concept of jury nullification to the venire, the trial court delivered an extensive instruction concerning the history of jury nullification and its potential effect concerning both civil and criminal cases. As to jury nullification in criminal cases, the trial court stated: "In a criminal case, no matter how strong the evidence may be, the jury has the power to find a defendant not guilty. And if the jury finds the defendant not guilty that's the end of that matter." The trial court then went on to discuss the concept of nullification in the context of a hypothetical marijuana possession case. In explaining the jury's role in the hypothetical case, the trial judge stated:

> If in this trial — the hypothetical trial I'm talking about where somebody's charged with possession of marijuana, if after the jury was selected one of the jurors were to say, you know, Judge, I'm sorry I don't think marijuana ought to be against the law and I'm going to vote that way, I'm going — I don't really care what the evidence is as to whether the defendant possessed marijuana or didn't possess marijuana, I'm going to vote not guilty because I don't think marijuana should be against the law.

> Under the law, I as the judge or any judge would have the power to remove that juror because the juror — jurors do not have the right not to follow the law.

Later, the trial judge stated:

> Your job here is to decide what the facts are, so that in my hypothetical, you know, my marijuana case hypothetical, your job is not to decide[] whether it's a good idea or a bad idea for marijuana to be illegal, but whether on a particular occasion as alleged in some indictment or other charging document this defendant that's on trial did or did not possess marijuana.

■ Assuming that the additional discussion of jury nullification by the trial court constituted error, such error is not plain. "Plain is synonymous with clear or, equivalently, obvious." *United States v. Olano*, 507 U.S. 725, 734 (1993) (quotations omitted). While our case law has made it clear that *Wentworth* correctly states the law regarding jury nullification, we have yet to rule on whether particular instructions that expand upon *Wentworth* may be improper as a matter of law. "When the law is not clear at the time of trial and remains unsettled at the time of appeal, a decision by the trial court cannot be plain error." *State v. Panarello*, 157 N.H. 204, 209 (2008). Accordingly, we affirm.

■ The defendant suggests that the trial court's lengthy instructions to the venire, even if accurate, "chilled" the jury's ability to nullify. Because instructions that expand upon *Wentworth* arguably create such a risk, we caution trial judges to limit further explanation of nullification to such instruction as may be necessary under the circumstances. *State v. Hokanson*, 140 N.H. 719, 722 (1996) (ruling that the decision to give a more specific instruction on nullification lies within the sound discretion of the trial court); *State v. Preston*, 122 N.H. 153, 160 (1982) (finding no error in the trial court's instruction that the jury was entitled to act upon its "conscientious feeling about what is a fair result in the case").

*Affirmed.*

DALIANIS, C.J., and DUGGAN and HICKS, JJ., concurred.