NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Cheshire
No. 2013-426


THE STATE OF NEW HAMPSHIRE

v.

RICHARD PAUL

Argued: June 18, 2014
Opinion Issued: October 24, 2014


Joseph A. Foster, attorney general (Nicholas Cort, assistant attorney general, on the brief and orally), for the State.


Law Office of Joshua L. Gordon, of Concord (Joshua L. Gordon on the brief and orally), for the defendant.


LYNN, J. Following a jury trial in Superior Court (Kissinger, J.), the defendant, Richard Paul, was convicted on three counts of the sale of an ounce or more of marijuana, one count of possession with intent to distribute an ounce or more of marijuana, and one count of the sale of a substance represented to be LSD. See RSA 318-B:2,:26 (2011) (amended 2013). The defendant appeals, asserting that the trial court failed to comply with RSA 519:23-a (Supp. 2013) by declining to give the jury nullification instruction he requested and by giving other jury instructions that effectively contravened his "jury nullification defense." We affirm.

The following facts are derived from the record. On April 17, April 27, and May 16, 2012, the Attorney General's Drug Task Force, using a confidential informant, conducted controlled buys of marijuana from the defendant, with a final controlled buy arranged for May 30, 2012. On April 27, the defendant also sold the confidential informant a substance that he represented to be LSD. During the May 30 meeting, the defendant was arrested. The defendant was tried before a jury in April 2013 and found guilty on all charges.

Before trial, the defendant, who characterizes himself as a "marijuana activist," requested the following jury instruction:

> You are not required to convict the defendant. If you feel that a conviction would not be a fair or just result in this case, it is within your power to acquit even if you find the state has met its burden of proof. You must however keep in mind that we are a nation governed by laws. Unless finding the defendant guilty is repugnant to your sense of justice you should follow the instruction on the law as I gave it to you. You must also keep in mind that you may not find the defendant guilty unless the State has established guilt beyond a reasonable doubt.

The State responded by objecting only to the wording of the instruction, and proposed the following alternative language:

> We are a nation governed by laws. You should follow the instruction on the law as I give it to you, including the instruction that you should find the defendant guilty if the state has established guilt beyond a reasonable doubt. However, if finding the defendant guilty is repugnant to your sense of justice, and you feel that a conviction would not be a fair or just result in this case, it is within your power to acquit even if you find the state has met its burden of proof.

At a hearing to review jury instructions held just before closing arguments, the defendant informed the court that he did not object to the State's proposed instruction. In support of his argument that the court should give the proposed instruction, the defendant contended that although RSA 519:23-a afforded him the right to argue nullification to the jury, two provisions of the standard instructions given to jurors in criminal cases tended to negate such an argument. The first is the instruction which states, "You must follow the law as I explain it regardless of any opinion you may have as to what the law ought to be." The second is the so-called Wentworth instruction, which states:

> If you have a reasonable doubt as to whether the State has proved any one or more of the elements of the crime charged, you <u>must</u> find the defendant not guilty.  However, if you find that the State has proved all of the elements of the offense charged beyond a reasonable doubt, you <u>should</u> find the defendant guilty.

<u>State v. Wentworth</u>, 118 N.H. 832, 839 (1978) (emphasis added).  The defendant argued that the distinction between "must" and "should" within the <u>Wentworth</u> instruction is too subtle and does not adequately apprise the jury of its ability to nullify.  The State did not object to giving a nullification instruction using the language it had proposed, but observed that RSA 519:23-a does not compel the court to give such an instruction.

Following the hearing, the trial court announced that it would not give a jury nullification instruction.  The defendant then reiterated his objection to the instruction that the jury "must" follow the law as stated by the court.  In response, the State suggested that the defendant's objection could be resolved if the word "must" in the instruction were changed to "should."  The court agreed to make this change to the instruction, and the defendant made no further objection.

During closing arguments, defense counsel informed the jurors that they could acquit the defendant even if they thought the State had proven its case beyond a reasonable doubt, and she urged the jury to do so, arguing, "with this man, in these circumstances, the fair and just verdict is not guilty."  In its closing, the State acknowledged that the defendant's description of jury nullification was correct, but argued that based on the evidence the jury should find the defendant guilty.  After closing arguments, the trial court instructed the jury that, "You <u>should</u> follow the law as I explain it regardless of any opinion you may have as to what the law ought to be."[1]  The court also gave the standard <u>Wentworth</u> instruction.  Following the convictions, the defendant moved for judgment notwithstanding the verdict, which the trial court denied.  This appeal followed.

The defendant asserts that the trial court's jury instructions contradicted and undermined the defendant's explanation of the jury's nullification right as laid out in RSA 519:23-a.  The defendant contends that RSA 519:23-a should be construed broadly and that compliance with it requires that:  (1) the trial court allow the defendant to make a jury nullification argument; (2) the trial court's jury instructions neither contravene nor undermine the defendant's argument; and (3) the trial court give a more rigorous nullification instruction than the standard <u>Wentworth</u> instruction to insure that the jury is adequately

---

[1] The court also instructed that, "If the lawyers state the law differently from the law as I explain it to you, then you must follow my instructions and ignore the statements of the lawyers."  The defendant did not object to this portion of the instructions.

informed about nullification.  The State asserts that RSA 519:23-a merely codifies pre-existing law.  We agree with the State.

The construction of RSA 519:23-a presents an issue of law, which we review <u>de</u> <u>novo</u>.  <u>See</u> <u>State v. Addison</u>, 160 N.H. 732, 754 (2010).  We are the final arbiters of the legislature's intent as expressed in the words of the statute considered as a whole.  <u>Id</u>.  When interpreting statutes, we look to the plain language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning.  <u>Id</u>.  We interpret legislative intent from the statute as written and will neither consider what the legislature might have said nor add language it did not see fit to include.  <u>Id</u>.  Additionally, we interpret a statute in the context of the overall statutory scheme and not in isolation.  <u>Id</u>.

In 2012, the New Hampshire legislature enacted RSA 519:23-a, which took effect on January 1, 2013.[2]  It states:  "In all criminal proceedings the court shall permit the defense to inform the jury of its right to judge the facts and <u>the application of the law in relation to the facts</u> in controversy."  RSA 519:23-a (Supp. 2013) (emphasis added).  In the session law enacting this statute, the legislature included the following preamble:

> Findings and Intent of the General Court.  Under the decisions of both the New Hampshire supreme court and the United States Supreme Court, the jury has the right to judge the facts and <u>the application of the law in relationship to the facts</u> in controversy.  The jury system functions at its best when it is fully informed of the jury's prerogatives.  The general court wishes to perpetuate and reiterate the rights of the jury, as ordained under common law and recognized in the American jurisprudence, while preserving the rights of a criminal defendant, as enumerated in part 1, articles 15 and 20, New Hampshire Bill of Rights.

Laws 2012, 243:1 (emphasis added).

Two features of both the statute and the preamble stand out in regard to the arguments advanced by the defendant.  First, neither contains language that purports to impose upon the trial court any obligation to instruct the jury as to jury nullification.  Second, and more importantly, the highlighted language in both the statute and the preamble, which speaks of informing the jury of its right to judge the application of the law in relation to the facts, is decidedly not a direction that the jury is to have the right to sit in judgment of the law – the prerogative which, the defendant claims, lies at the heart of jury

---

[2] The State does not contest the applicability of this statute to the offenses at issue.  Thus, we have no occasion to consider the question of whether the statute applies to offenses committed prior to the date it took effect.

4

nullification. <u>Cf</u>. <u>United States v. Dougherty</u>, 473 F.2d 1113, 1130-37 (D.C. Cir. 1972). Instead, the statute merely delineates the jury's traditional function of determining how the law applies to the facts as it has found them, which it must necessarily perform in every case in order to reach a verdict. <u>See</u> N.H. Bar Assoc., <u>Criminal Jury Instructions</u> 1.01 (1985) ("You must apply the law given to you in these instructions to the facts and in this way reach a fair and just verdict."); <u>see</u> <u>also</u> <u>Pierce v. The State</u>, 13 N.H. 536, 549 (1843) (Gilchrist, J.) (criticizing some courts and lawyers for "a failure to discriminate between the application of the law to the fact, and the decision of the law by the jury").

Although we do not find RSA 519:23-a to be ambiguous, the legislative history of the statute is particularly instructive in this case. That history makes plain the limited intent of the legislature to codify existing law. The legislation that ultimately became RSA 519:23-a was introduced in the 2011 session of the legislature as House Bill (HB) 146. <u>See</u> Laws 2012, ch. 243. As originally drafted, HB 146 contained language that would have given the jury the right to judge both the facts and the law. It stated:

> In all court proceedings the court shall instruct the jury of its inherent right to judge the law as well as the facts and to nullify any and all actions they find to be unjust. The court is mandated to permit the defendant or counsel for the defendant to explain this right of jury nullification to the jury.

Following public hearing, the House Judiciary Committee voted 15-0 to recommend that the bill was "inexpedient to legislate" (ITL). <u>See</u> <u>N.H.H.R. Jour</u>. 281 (2011). "The committee concluded that, as drafted, this bill would incorrectly instruct the jury to put the law on trial rather than the application of the law in the case actually before it. The committee further concluded that the so-called 'Wentworth' instruction . . . adequately informs the jury of its unquestioned right of nullification without misleading it." <u>Id</u>. When the committee's recommendation came before the full House, the bill was recommitted to the committee, where it was amended to remove the language granting the jury the right to "judge the law" and to "nullify any and all actions [the jurors] find to be unjust." <u>See</u> <u>id</u>. at 341. Substituted was language requiring the court to instruct the jury of its right to judge the facts and the application of the law to the facts, and requiring the court to permit the defendant to explain this right to the jury. <u>See</u> <u>id</u>. Thereafter, the bill was further amended to make it applicable only to criminal cases and to eliminate the requirement that the court instruct the jury of its right to judge the facts and the application of the law to the facts in controversy, and, as ultimately enacted in 2012, contained only the requirement that the court permit the defendant to inform the jury of this right. <u>See</u> Laws 2012, ch. 243.

Finally, construing RSA 519:23-a as merely codifying existing law, rather than conferring on the jury a <u>right</u> to judge or nullify the law, is consistent with

5

the doctrine of constitutional avoidance. This well-established doctrine requires us, whenever reasonably possible, to construe a statute so as to avoid bringing it into conflict with the constitution. See State v. Ploof, 162 N.H. 609, 620 (2011). Were RSA 519:23-a interpreted to grant juries the right to judge or nullify the law, there would be a significant question as to its constitutionality. See Pierce, 13 N.H. at 554 ("[I]t is the opinion of the court, that it is inconsistent with the spirit of the constitution that questions of law, and still less, questions of constitutional law, should be decided by the verdict of the jury, contrary to the instructions of the court.") (Gilchrist, J.); id. at 571 ("If it were true that the legal power to do an act, without legal accountability for it, established a right to do that act, the jury might rightfully acquit the accused in all cases, without regard to the law or the evidence, for their power so to do is undoubted, and their exemption from accountability equally clear.") (Parker, C.J.); see also State v. Hodge, 50 N.H. 510, 523 (1869) (noting that, in Pierce, the common law of New Hampshire, which prior to that decision had permitted the jury to judge the law, "was held to be illegal and unconstitutional, and the new doctrine was announced that the jury are not the judges of the law in criminal cases").

Having concluded that RSA 519:23-a represents simply a codification of pre-existing law regarding the function of the jury in criminal cases, we briefly summarize that law. It is well established that jury nullification is neither a right of the defendant nor a defense recognized by law. State v. Sanchez, 152 N.H. 625, 629 (2005). Rather, jury nullification is the undisputed power of the jury to acquit, even if its verdict is contrary to the law as given by the judge and contrary to the evidence. Id.; see also State v. Mayo, 125 N.H. 200, 203 (1984) (recognizing jury nullification to be "an historical prerogative of the jury" (quotation omitted)). The trial court ordinarily gives the Wentworth instruction, which is the equivalent of a jury nullification instruction. Sanchez, 152 N.H. at 629. The defendant is not entitled to a more specific jury nullification instruction, and the decision to give such an instruction, when requested, lies within the sound discretion of the trial court depending on the facts of a particular case. State v. Bonacorsi, 139 N.H. 28, 31 (1994); State v. Brown, 132 N.H. 520, 527 (1989). Here, the court gave the Wentworth instruction, and, as discussed above, nothing in RSA 519:23-a required the court to do anything more.

In her closing, the defendant's counsel did not argue that the provisions of RSA chapter 318-B that he was charged with violating did not apply to the facts proved by the State at trial. Rather, as pertinent to the nullification issue, counsel contended that the jury should find the defendant not guilty notwithstanding the law, arguing: "But ask yourself whether this law makes sense to you, that on one hand something has no medical application, yet, on the other hand there are several governments who are allowing it to be medically applied." Nothing in RSA 519:23-a required the trial court to permit the defendant to make such an argument asking the jury to judge the law

itself. Nor did the statute require the court to instruct the jury that it "should" rather than "must" follow the court's instructions. Thus, the trial court gave the defendant the benefit of an argument and an instruction to which he was not entitled. He therefore is in no position to complain. See State v. Wells, 166 N.H. ___, ___, 89 A.3d 156, 160 (2014) (holding that where trial court improperly struck evidence that was properly admissible, "the defendant achieved more than he was entitled to secure and consequently cannot complain of the trial justice's failure to declare a mistrial for the attempted introduction of such evidence" (quotation and brackets omitted)); State v. Dorsey, 118 N.H. 844, 847 (1978) (noting that "by allowing the defendant this backdoor use of the competing harms statute, the court gave him the benefit of a defense to which he was not entitled").

In conclusion, although RSA 519:23-a requires the trial court to allow the defendant "to inform the jury of its right to judge the facts and the application of the law in relation to the facts in controversy," it does not require the court to allow the defendant to inform the jury that it has the right to judge the law or the right to ignore the law. In other words, it is not a jury nullification statute. Further, it is of no moment that the court's instructions may have contravened or undermined the defendant's jury nullification argument because the statute gave the defendant no right to make such an argument.

Affirmed.

DALIANIS, C.J., and HICKS, CONBOY, and BASSETT, JJ., concurred.